UNITED STATES of America, Plaintiff–Appellee,

v.

Reginald DOSS, Defendant–Appellant.

No. 95–2196 (1089) CR.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 8, 1996.

Decided March 22, 1996.

Barry Rand Elden, Chief of Appeals, Charles Ex (argued), Office of U.S. Atty., Criminal Appellate Div., Chicago, IL, for plaintiff-appellee.

Ellen R. Domph (argued), Chicago, IL, for defendant-appellant.

Before EASTERBROOK, ROVNER, and TERENCE T. EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

Reginald Doss was charged with eighteen counts of welfare fraud. In 1991, he entered a guilty plea to a single conspiracy count and was sentenced to a term of imprisonment of 23 months to be followed by a 3-year term of supervised release. By 1995, of course, Doss was on supervised release. He allegedly violated the terms of his release, and the government moved for an order to show cause why his supervised release should not be revoked. Following a hearing, Judge James B. Zagel revoked Doss's supervised release and sentenced him to prison for the maximum term allowed—24 months. Mr. Doss appeals the sentence.

When Doss pled guilty he admitted being the organizer of a seven-year conspiracy to defraud the Illinois Department of Public Aid and the Wisconsin Department of Health and Social Services. The scheme was fairly elaborate. Doss obtained phony birth certificates, forged names and doctors' signatures, and actually created fictitious families. Doss then gave the certificates to female accomplices who falsely represented themselves as mothers entitled to public aid. A total of thirty fictitious welfare recipients were created, and the scheme ultimately looted the public coffers of approximately $200,000.

As of 1991, when Doss was sentenced, he had been arrested 21 times over the previous 11 years. He had four prior convictions: retail theft in 1980; criminal trespass to a vehicle in 1982; theft and possession of a stolen vehicle in 1983; and forgery in 1986, involving the use of a stolen credit card. His criminal history included nine drug arrests and five arrests for assault or battery.

In addition, Doss has a long history of drug abuse. He also has opened bogus checking accounts, defrauded auto dealerships by obtaining vehicles and not paying for them; fraudulently used other people's credit cards; and written checks from fraudulent bank accounts.

Doss completed his 23–month prison sentence and began doing his term of supervised release in the fall of 1992. While on supervised release, his probation officer reported various violations to the district court. Three reports indicated positive drug tests for illicit substances. Doss also failed to keep required drug counseling and drug testing appointments; he failed to report for appointments with his probation officer; and he failed to report a change of address.

Then, to add to this mix, Doss was arrested on March 13, 1993, by the Naperville, Illinois, police and charged with theft by deception and unlawful possession of stolen checks. According to the arrest report, he

was depositing stolen checks into a bank account. He had withdrawn thousands of dollars from the account before he was arrested. At the time of his arrest, he was in possession of documents containing fictitious social security numbers, birth dates, and names.

At a supervised release revocation hearing on May 12, 1995, Doss stipulated to all the violations he was charged with and to allegations concerning an arrest in Crestwood, Illinois, (for writing bad checks from a closed checking account that belonged to someone else) and to two other arrests by the Chicago police while he was on supervised release. The arrests by the Chicago police were for possession of four stolen check books and driving an automobile with a fictitious driver's license. One other thing; every time Doss was arrested, he was carrying fictitious identification.

At the revocation hearing, the government and Doss jointly recommended a 10–month term of incarceration for the violations. The 10–month proposal was based on a policy statement found in Chapter 7 of the sentencing guidelines. The policy statement contains a revocation table. Based on the nature of defendant's violations and his criminal history category of III, the table recommends a range of 8–14 months imprisonment. The district judge rejected the joint recommendation, noting that he would make an "upward departure" to 2 years, which is the maximum term allowed under the statute, 18 U.S.C. § 3583(e)(3). In imposing the sentence, the judge recognized that while Doss was a drug addict, he was not disabled by drugs, and in fact seemed very able to function as a criminal while on drugs.

Judge Zagel also emphasized his concern over the nature of the defendant's crimes and his disregard of the law in general. Doss was seen as "a kind of a variation of a con man, a defrauder of individuals," an offender with the long "effective criminal life." In short, Doss was an unlikely candidate for reform. Thus, the 2–year term of imprisonment.

Contending the sentence is too long, Doss raises two issues on appeal. First he argues, in effect, that because Judge Zagel talked in

the language of the sentencing guidelines, he bound himself to operate within the framework of the guidelines. For instance, he used terms like "depart upward," a phrase that conjures up the guidelines for anyone with relatively recent federal criminal law experience. Doss goes so far as to argue that because Judge Zagel sentenced him in terms of months (which is also a guideline innovation) rather than years (the old-fashioned way), the judge was bound by the guidelines. If Doss could prevail on this argument, he contends that his sentence falls within a range of 8 to 14 months under U.S.S.G. § 7B1.4(a).

Chapter 7 Part B of the sentencing guidelines is a policy statement. It is not a guideline, binding on the sentencing judge. *United States v. Hill,* 48 F.3d 228 (7th Cir. 1995); *United States v. McGee,* 60 F.3d 1266 (7th Cir.1995). The policy statement set out in section 7B1.4(a) is entitled to great weight. It is an element in the exercise of a judge's discretion in sentencing. It would be an abuse of his discretion to ignore it. But it doesn't have to be followed.

Judge Zagel did not ignore the policy statement. He used it as a starting point, and in the exercise of discretion, knowing the policy statement was not binding, he determined a proper sentence. The fact that he talked in the now-familiar lingo of the guidelines does not matter, just as it did not matter if judges looked for guidance from the guidelines before they were effective. See *United States v. Bullock,* 857 F.2d 367 (7th Cir.1988); *United States v. Vega,* 860 F.2d 779 (7th Cir.1988).

That brings us to Doss's second argument: that Judge Zagel nevertheless abused his discretion in imposing a 24–month sentence. The government argues that the issue, properly stated, is whether the sentence is "plainly unreasonable," rather than whether it resulted from an abuse of discretion.

In *Hill,* we discussed a somewhat related issue in terms of an abuse of discretion. The issue was whether a sentence imposed following a revocation was required to be consecutive as recommended in § 7B1.3(f). The district court intended to impose a concurrent

sentence but was advised by the government that the policy statement in § 7B1.3(f) was binding under *United States v. Lewis,* 998 F.2d 497 (7th Cir.1993). For that reason, a consecutive sentence was imposed. In *Hill,* we overruled *Lewis,* holding that the policy statements were not binding. The case was remanded for resentencing. *Hill* is a rare situation in which a judge followed binding precedent; then the precedent was overruled. It is not the same as simply imposing a sentence which is arguably too long.

The case on point is *McGee.* There we considered a sentence which fell within the revocation range of U.S.S.G. § 7B1.4(a). Relying on 18 U.S.C. § 3742(a)(4), we determined that "[r]eview of a sentence for which there is no binding sentencing guideline is limited to the standard of 'plainly unreasonable.'" At 1272. Section 3742(a)(4) provides that a defendant may appeal a sentence which "was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."

█ The statute is clear; the standard of review for a sentence imposed for which there is no sentencing guideline is "plainly unreasonable." See *United States v. Webb,* 30 F.3d 687 (6th Cir.1994); *United States v. Gabay,* 923 F.2d 1536, reh'g denied, 934 F.2d 1266 (11th Cir.1991).

█ Guiding our analysis of whether the sentence is "plainly unreasonable" is a determination whether Judge Zagel complied with 18 U.S.C. §§ 3583. Section 3553 tells the sentencing judge to consider a number of factors such as the need to protect the public, the need for deterrence, the seriousness of the offense, and the policy statements in the sentencing guidelines. Absent the policy statements from the guidelines, these are the sorts of things trial judges always considered in passing sentence on those in the dock.

The sentence imposed in this case was the maximum allowed under § 3583(e)(3) based on Doss's underlying felony of conviction. In imposing it, Judge Zagel considered the policy statements and then articulated his concerns about Doss and the need to imprison him for a longer period than set out in the policy statement. On the basis of this rec-

ord, that conclusion is not even close to being plainly unreasonable. The sentence is affirmed.