114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sheldon JONES, Defendant-Appellant.
 No. 96-3588.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1997.
Decided May 8, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In March 1995 Sheldon Jones was sentenced to two years' probation after pleading guilty to one count of credit card fraud in violation of 18 U.S.C. § 1029(a)(2). In March 1996 Mr. Jones' probation officer filed a petition seeking Mr. Jones' arrest based on the following probation violations: failing to pay restitution; failing to follow the direction of his probation officer by not attending an employment workshop; failing to report to the probation office as directed; failing to participate in counseling; failing to notify his probation officer within 72 hours of being involved in an accident and receiving a subsequent citation; failing to notify his probation officer within 72 hours of a change in residence and employment; and associating with persons engaged in criminal activity. At his probation revocation hearing on September 19, 1996, Mr. Jones stipulated[1] to these violations and his probation was revoked. He was sentenced to seven months plus 100 days in prison and was credited for 96 days already served. He also was sentenced to three years' supervised release, and was ordered to continue to pay restitution at not less than $50 per month, to participate in a mental health program while imprisoned and to take any and all prescribed medications as directed, and to reside for the first 60 days after release from prison in a community correctional center. Mr. Jones appealed and Mr. Jones' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), because he considers an appeal to be without merit or possibility of success. Mr. Jones was notified of the motion to withdraw but he filed no response.
 
 
 2
 There are four issues which Mr. Jones might challenge on appeal. First, Mr. Jones could challenge the revocation of his probation; however, this argument would be frivolous. A district court need only be reasonably satisfied that the defendant violated the terms of probation before revoking it. United States v. Hopson, 39 F.3d 795, 801 (7th Cir.1994). This court reviews a decision to revoke probation for an abuse of discretion. Id. As is evident from the facts discussed above, Mr. Jones was charged with several probation violations. Counsel states that Mr. Jones stipulated to these violations at his probation violation hearing. Sufficient evidence existed to support the revocation of probation and thus the district court did not abuse its discretion in deciding to revoke.
 
 
 3
 Second, Mr. Jones could challenge his sentence. However, the sentence received by Mr. Jones was proper and was not "plainly unreasonable." United States v. Doss, 79 F.3d 76, 79 (7th Cir.1996). Once a defendant has had his probation revoked, the district court may resentence the defendant. 18 U.S.C. § 3565(a)(2). Mr. Jones' term of imprisonment was within the term that was statutorily authorized. 18 U.S.C. §§ 3551(b) and 3581(b)(3). Further, the sentence of imprisonment is consistent with that recommended by the Sentencing Guidelines which provide for a term of imprisonment of four to ten months for the intersection of a Grade C probation violation with a Category II criminal history.[2] U.S.S.G. § 7B1.4. Mr. Jones received a sentence of seven months plus 100 days. Further, the Commentary to § 7B1.3 states that "[r]evocation of probation or supervised release generally is the appropriate disposition in the case of a Grade C violation by a defendant who, having been continued on supervision after a finding of violation, again violates the conditions of his supervision." U.S.S.G. § 7B1.3 Application Note 1. Mr. Jones' probation had been continued once in 1995 when he stipulated to probation violations prior to the revocation of probation at issue in this appeal; thus the sentence he received was not "plainly unreasonable."
 
 
 4
 Third, the order that he continue to pay restitution is provided for under § 7B1.3(d) which states that any restitution previously imposed that remains unpaid shall be ordered to be paid in addition to the term of imprisonment. U.S.S.G. § 7B1.3(d).
 
 
 5
 Finally, the three-year term of supervised release was appropriate. Section § 7B1.3(g)(1) of the Guidelines states that where probation is revoked and a term of imprisonment is imposed, the Guidelines provisions governing the imposition of supervised release, §§ 5D1.1-1.3, shall apply.[3] Guidelines §§ 5D1.1(b) and 5D1.2 provide that "[t]he court may order a term of supervised release to follow imprisonment in any ... case," and that the length of the term of supervised release shall be at least two years but not more than three years for a defendant convicted of a Class C or D felony. Mr. Jones' original crime under 18 U.S.C. § 1029(a) constitutes a Class C felony. 18 U.S.C. § 3559(a)(3). Thus, Mr. Jones would have no non-frivolous ground for challenging the term of supervised release.
 
 
 6
 MOTION TO WITHDRAW GRANTED AND APPEAL DISMISSED.
 
 
 
 [1]
 Counsel states in his Anders brief that Mr. Jones stipulated to the violations of the conditions of his probation. No transcript from the hearing is included in the record nor is there any other indication in the record that Mr. Jones made such stipulations; however, Mr. Jones did not file a response to the Anders brief and thus counsel's statements remain unchallenged
 
 
 [2]
 Although Chapter 7 Part B of the Guidelines is a policy statement and is not binding on the sentencing court, the policy statement in § 7B1.4 is entitled to great weight. Doss, 79 F.3d at 78
 
 
 [3]
 Further, 18 U.S.C. § 3565(a)(2) provides that the court may resentence the defendant under Subchapter A (i.e., the general provisions regarding sentencing)