139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jeffrey M. MATTSON, Defendant-Appellant.
 No. 97-3289.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 26, 1998.
Decided Feb. 27, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin. No. 96-CR-96, John C. Shabaz, Chief Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, and Hon. WALTER J. CUMMINGS and Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 The district court revoked Jeffrey Mattson's term of supervised release and sentenced him to 24 months' incarceration for violating a condition of his supervised release. Mattson's appellate attorney seeks to withdraw on the ground that there are no nonfrivolous issues to be raised on appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); United States v. Wagner, 103 F.3d 551 (7th Cir.1996). Because counsel's Anders brief is adequate on its face, we limit our review of the record to those issues raised in counsel's brief and defendant's response pursuant to Circuit Rule 51(a). Wagner, 103 F.3d at 553; United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997). Mattson was notified of his counsel's actions and responded with a "Notice and Motion for Ineffective Assistance of Counsel" which we construe as a response to counsel's motion. Cir.R. 51(a).
 
 
 2
 In April 1992, Jeffrey Mattson was convicted of aiding and abetting an armed bank robbery in violation of 18 U.S.C. §§ 2, 2113(a), (d) and was sentenced in the District Court of Minnesota to 57 months' incarceration followed by a three-year term of supervised release. While serving his term of imprisonment, Mattson's mother smuggled marijuana to him in prison. Consequently, he was convicted of possessing a prohibited object while an inmate in violation of 18 U.S.C. §§ 1791(a)(2) and 1791(b)(4) and was sentenced to a six-month term of imprisonment to be followed by a one-year term of supervised release. In 1996, Mattson began his term of supervised release in the Western District of Wisconsin. While under supervised release, Mattson was involved in a car chase and was convicted in Iowa of eluding an officer and obstructing prosecution. During his work release related to the car chase conviction, Mattson received five citations for driving after license revocation from various law enforcement agencies. In 1997, a warrant was issued for Mattson's failure to report to his probation officer. Mattson was traveling in Virginia without the permission or knowledge of his probation officer and was eventually arrested there. The United States District Court for the Eastern District of Virginia committed Mattson to the custody of the Western District of Wisconsin to face his pending charges.
 
 
 3
 In her Anders brief, counsel raises the possible issue that the district court did not properly comply with Federal Rule of Criminal Procedure 32.1(a)(2) in revoking Mattson's supervised release and that Mattson did not knowingly or voluntarily waive his revocation hearing. The record indicates that the requirements of Rule 32.1(a)(2) were met. Mattson was put on notice of the violation by the government's Rule to Show Cause. See United States v. Kirtley, 5 F.3d 1110, 1113 (7th Cir.1993). With his attorney present, Mattson waived his right to a revocation hearing. The court then directly asked Mattson if he understood that he was waiving his right to a revocation hearing. Mattson replied in the affirmative. The district court explained the evidence against Mattson, i.e., that he did not report as directed to his probation officer and did not submit a truthful and complete written report within the first five days of each month, violating standard condition number two of his supervised release. Mattson responded that he understood and admitted he was guilty of the violation. At the end of the sentencing hearing, the district court again asked if Mattson wished to be heard on whether or not he should have his supervised release revoked to which he replied "I'm willing to waive the revocation hearing." (Sent. Tr. at 6). Therefore, any claim that the district court did not comply with Rule 32.1(a)(2) would be frivolous.
 
 
 4
 Next, counsel raises potential claims regarding Mattson's sentence. Counsel asserts the potential issue that the district court abused its discretion when it deviated from § 7B1.3 (Policy Statement) by sentencing Mattson to 24 months' incarceration under 18 U.S.C. § 3583(e)(3) and that the record did not support the court's sentence. Mattson's failure to report to his probation officer was a Grade C violation under U.S.S.G. § 7B1.1(a)(3), p.s. A Grade C violation with a Criminal History Category of I has a recommended three to nine months' incarceration. U.S.S.G. § 7B1.4(a). However, 18 U.S.C. § 3583(e)(3) allows for up to 36 months' incarceration. We note that Chapter 7B1 of the Sentencing Guidelines is a policy statement and not a guideline that is binding on sentencing judges. United States v. Marvin, No. 96-2721, slip op. at 26-27 (7th Cir. Feb.3, 1998); United States v. Doss, 79 F.3d 76, 78 (7th Cir.1996). The term of imprisonment in the policy statement is entitled to great weight and is an element in the district court's exercise of discretion in sentencing. Doss, 79 F.3d at 78. The district court is not required to follow the policy statement; however, the court cannot ignore the policy statement when sentencing. Id.
 
 
 5
 Here, the district court did not ignore the policy statement, nor was Mattson's sentence "plainly unreasonable." See id. at 79. (When there is no applicable sentencing guideline, the appellate court determines if the sentence is "plainly unreasonable."). The district court considered a number of factors in concluding that the policy statement did not apply to Mattson's case because there was a significant justification for a higher sentence. Specifically, the court clarified that Mattson had continued criminal violations and convictions while on release and that he had not been deterred from criminal conduct as a result of his imprisonment for aiding and abetting an armed bank robbery. The court stated that Mattson refused to cooperate with his probation officer and fled the Western District of Wisconsin. Because the district court considered the policy statement and other relevant factors, Mattson cannot make a nonfrivolous argument that his sentence is "plainly unreasonable." See id.
 
 
 6
 In her Anders brief, counsel also asserts that Mattson may have misunderstood that the court had the authority to sentence him up to 36 months' incarceration under 18 U.S.C. § 3583(e)(3), even though the policy sentencing range was three to nine months. The government stated to the court that § 3583(e)(3) allowed for up to 36 months' incarceration for Mattson's revocation of supervised release. Prior to accepting his revocation hearing waiver, the district court then explained to Mattson the difference between § 7B1.4, p.s. and § 3583(e)(3), including the ranges of imprisonment; Mattson replied that he understood. As such, any claim that Mattson misunderstood the possible penalties involved would be frivolous.
 
 
 7
 In his "Notice of Motion for Ineffective Assistance of Counsel," Mattson asserts that his attorney was ineffective because she had a conflict of interest. After a thorough search of the record, there is no support of any such nonfrivolous claim. Mattson also argues that the court improperly relied upon his 1994 conviction of possessing a prohibited object in prison, that is, the marijuana his mother smuggled into jail, in determining his sentence. The district court may consider a number of factors when determining a sentence under § 3583, including the need to protect the public, the need for deterrence, the seriousness of the offense, the history and characteristics of the defendant, and the policy statements in the sentencing guidelines. See 18 U.S.C. § 3583; Doss, 79 F.3d at 79. Accordingly, the district court's consideration of the marijuana conviction was appropriate and any such claim on appeal would be frivolous.
 
 
 8
 We GRANT counsel's motion to withdraw and DISMISS the appeal as frivolous.