142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
John P. ARVELO, Defendant-Appellant.
 No. 97-3469.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted Mar. 12, 1998.
Decided Mar. 13, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 94-CR-130 Thomas J. Curran, Judge.
 Before Hon. RICHARD A. POSNER, Hon. WALTER J. CUMMINGS, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In November 1994, John P. Arvelo pleaded guilty to one count of theft of United States mail in violation of 18 U.S.C. § 1708. The district court sentenced Arvelo to 8 months' incarceration and 3 years' supervised release. After Arvelo violated the terms of his supervision, the district court revoked his supervised release and sentenced him to 12 months' incarceration. Arvelo's appellate attorney seeks to withdraw on the ground that there are no nonfrivolous issues to be raised on appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); United States v. Wagner, 103 F.3d 551 (7th Cir.1996). Because counsel's Anders brief is adequate on its face, we limit our review of the record to those issues raised in counsel's brief. Wagner, 103 F.3d at 553; United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997). Pursuant to Circuit Rule 51(a), Arvelo was notified of his counsel's actions and was given an opportunity to respond, which he did not.
 
 
 2
 Arvelo was released from prison after serving 8 months' incarceration in June 1995 and was scheduled to be discharged from his three-year term of supervised release in June 1998. In addition to the standard conditions of supervision, including refraining from excessive alcohol use and use of any controlled substance, Arvelo was required to fulfill special conditions. One of the special conditions of his supervised release was that he had to participate in a treatment program for drug and alcohol abuse. In March 1996, Arvelo submitted three urinalysis tests which were returned positive for cocaine. Shortly thereafter, he successfully completed a residential treatment program required after his conditions of supervised release had been modified. After his treatment, Arvelo failed to appear for scheduled urinalysis tests and counseling. He also submitted several urinalysis tests which were returned positive for cocaine. In November 1996, his conditions of supervised release were modified again to include conditions of home confinement and participation in an electronic monitoring program. Arvelo violated the electronic monitoring program and admitted that he had used cocaine and alcohol.
 
 
 3
 In 1997, Arvelo entered another residential treatment program, but left the program before completion. He then lived at a transitional living facility for the treatment of substance abuse, but was asked to leave for failure to comply with the rules. After leaving the transitional living facility, Arvelo failed to report to four drug tests, admitted to cocaine use, and submitted several urinalysis tests which were returned positive for cocaine.
 
 
 4
 In June 1997, Arvelo's probation officer petitioned the court to issue a summons to return Arvelo to court to show cause why his supervised release should not be revoked. Arvelo failed to appear at the original revocation hearing and the court issued a bench warrant. Arvelo's revocation hearing was eventually held on September 16, 1997. The district court revoked Arvelo's supervised release and sentenced him to 12 months' imprisonment.
 
 
 5
 In counsel's Anders brief, she asserts two potential appellate issues--whether the district court properly concluded that Arvelo had violated the terms of his supervised release and whether the court properly imposed a 12 month sentence. The district court reviewed the revocation guideline and revocation report prepared by Arvelo's probation officer. At the revocation hearing, Arvelo's drug counselor testified about Arvelo's drug addiction. In addition, Arvelo's probation officer testified to Arvelo's violations of both the standard and special conditions of his supervision. In revoking Arvelo's supervised release, the court relied on evidence that Arvelo tested positively for cocaine use, failed to appear for scheduled urinalysis tests and counseling, and failed to appear for his original revocation hearing. Also, Arvelo did not complete residential treatment for substance abuse as required by his modified supervised release conditions. The district court may revoke a term of supervised release if the court finds by a preponderance of the evidence that the defendant violated one of the conditions of release. 18 U.S.C. § 3583; United States v. Wright, 92 F.3d 502, 504 (7th Cir.1996). We conclude that the preponderance standard was met and any challenge to the court's finding on appeal would be frivolous.
 
 
 6
 Once the district court revokes a defendant's supervised release, the court may require that the defendant serve all or part of the term of supervised release. 18 U.S.C. § 3583. The Sentencing Commission's policy statements supply recommended ranges of imprisonment after revocation. U.S.S.G. § 7B1.4(a); Wright, 92 F.3d at 504. Although the policy statements are not binding on the district court, the terms of imprisonment in the policy statement are entitled to great weight. United States v. Doss, 79 F.3d 76, 78 (7th Cir.1996). Arvelo's sentence was based on the sentencing policy for a Grade C violation and a Criminal History Category of V. under which the policy statements prescribe a range of 7 to 13 months' incarceration. See §§ 7B1.3(a)(2), 7B1.4(a). Accordingly, the court's imposition of 12 months' incarceration is within this range and Arvelo has no argument that this sentence is plainly unreasonable. See Doss, 79 F.3d at 79. Therefore, any appeal of his sentence would be frivolous.
 
 
 7
 We GRANT counsel's motion to withdraw and DISMISS the appeal as frivolous.