142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
William BROOKS, Defendant-Appellant.
 No. 97-3453.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 3, 1998.*
Decided March 30, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 89-CR-131, Thomas J. Curran, Judge.
 Before Hon. Jesse E. Eschbach, Hon. John L. Coffey, Hon. Ilana Diamond Rovner, Circuit Judges.
 
 ORDER
 
 1
 William Brooks appeals the district court's decision to impose a sentence of 48 months' imprisonment upon revocation of his term of supervised release. Brooks contends that the district court's deviation from the recommended sentencing range of 8 to 14 months' imprisonment was plainly unreasonable, alleging that the court failed to consider all of the sentencing factors set forth in 18 U.S .C. § 3553(a) and failed to provide an adequate explanation of its reasons for imposing the sentence. We affirm.
 
 
 2
 In February 1990, Brooks was sentenced to 96 months' imprisonment and 5 years' supervised release after pleading guilty to conspiracy to possess with intent to distribute more than 5 kilograms of cocaine in violation of 21 USC §§ 841(a)(1) and 846. The court departed downward from the guideline range of 210 to 262 months' imprisonment based on Brooks's substantial assistance to the government and his apparent "desire to turn [his] life around." (Sentencing Transcript, at 6).
 
 
 3
 Brooks was released from prison on November 23, 1995, and began serving his five-year term of supervised release in Milwaukee, Wisconsin.[1] The trial court suspended the requirement that Brooks reside in a community treatment center for the first 120 days following his release due to his positive adjustment during his pre-release placement. Due to Brooks's violation of the terms of his supervised release, however, the trial judge reimposed this condition on January 27, 1997. From June 1996 through June 1997, Brooks failed to report for his individual drug counseling on eight separate occasions (in violation of special condition 5). From November 1996 through February 1997, Brooks submitted to urinalysis tests which tested positive for cocaine six times (in violation of special condition 3 and standard condition 8). Brooks failed to report a police contact in December 1996 for minor traffic violations (in violation of standard condition 12). On April 10, 1997, Brooks was arrested and charged with theft by fraud and obstruction of justice (in violation of standard condition 1). As a result, Brooks was late returning to the community treatment center where he was residing, and the center placed him on absconder status. The center was informed of Brooks's arrest, and terminated his residency a few days later (placing him in violation of special condition 4).
 
 
 4
 On September 24, 1997, the district court held a revocation hearing. Brooks conceded the foregoing violations listed above, and denied any involvement in a conspiracy to murder a Milwaukee police officer, an issue raised by the government. The trial judge stated that he would not consider Brooks's alleged involvement in the crime. All of Brooks's supervised release violations are classified as grade C violations under the United States Sentencing Guidelines ("U.S.S.G.")--conduct constituting a federal, state, or local offense punishable by one year of imprisonment or less, or a violation of any other condition of supervised release. U.S.S.G. § 7B1.1(3). Brooks had a criminal history category of VI which, considering the grade of his violations, placed him in a sentencing range of 8 to 14 months' imprisonment. U.S.S.G. § 7B1.4(a). Based on the seriousness of Brooks's original charge and his "grievous misconduct" since his release, the government sought a sentence of 2 1/2 to 3 years, but the district court imposed a sentence of 48 months' imprisonment. (Revocation Transcript ("Tr."), at 20).
 
 
 5
 " 'The revocation of supervised release is governed both by statute, 18 U.S.C. § 3583(e)(3), and by policy statements promulgated by the Sentencing Commission, U.S.S.G. Ch. 7.' " United States v. Marvin, --- F.3d ----, No. 96-2721, 135 F.3d 1129, 1998 WL 40457, at * 6 (7th Cir. Feb.3, 1998) (quoting, United States v. Wright, 92 F.3d 502, 504 (7th Cir.1996)). Pursuant to 18 U.S.C. § 3583(e)(3), a district court may revoke a defendant's supervised release for violating a condition of his release after considering certain factors set forth in § 3553(a), including but not limited to, the nature and circumstances of the offense and the defendant's history and characteristics; the need to afford adequate deterrence and protection to the public; applicable policy statements in the Sentencing Guidelines; and the need to avoid unwarranted sentencing disparities among similarly situated defendants. See United States v. Hale, 107 F.3d 526, 530 (7th Cir.1997); United States v. Doss, 79 F.3d 76, 79 (7th Cir.1996).
 
 
 6
 Chapter 7 of the sentencing guidelines contains the policy statements applicable to violations of probation and supervised release. Because the policy statements in Chapter 7 are neither guidelines nor interpretations of guidelines, they are not binding on the sentencing judge United States v. Hill, 48 F.3d 228, 231 (7th Cir.1995). Therefore, the imprisonment ranges set forth in § 7B1.4(a) are advisory, not mandatory. Hale, 107 F.3d at 529; Doss, 79 F.3d at 78; Hill, 48 F.3d at 231. However, the trial judge must consider the recommended range before imposing a sentence outside that range. Hale, 107 F.3d at 529.
 
 
 7
 Because there is no mandatory range for a sentence imposed upon revocation of supervised release, we will reverse the sentence imposed by the district court only if it was "plainly unreasonable" under the circumstances. 18 U.S.C. § 3742(a)(4); Doss, 79 F.3d at 79. We note at the outset that the revocation sentence imposed by the district court was less than the maximum sentence allowed (five years) under § 3583(e)(3) based on Brooks's underlying felony conviction.
 
 
 8
 Brooks argues that the district court erred in sentencing him to 48 months' imprisonment because it did not consider the sentencing range prescribed by § 7B1.4. The transcript of the revocation hearing demonstrates otherwise. The trial judge was clearly aware that Brooks's sentencing range was 8 to 14 months' imprisonment, as the judge stated as much at the beginning of the hearing (Tr. at 10). The judge later determined that this sentencing range was inadequate under the circumstances. "The problem that this court has is having received a substantial downward departure from the guidelines, the court feels that that privilege has been abused and it is not satisfied that a sentence within the present guideline range would address the grievous misconduct that this defendant has engaged in." (Tr at 20) (emphasis added).
 
 
 9
 Brooks also contends that the district court's deviation from the recommended sentencing range was plainly unreasonable because the court failed to consider all of the sentencing factors enumerated in 18 U.S.C. § 3553(a), and failed to provide an adequate explanation of the reasons for the deviation. Specifically, Brooks argues that the district court considered only the need for deterrence and ignored the remaining factors. This argument is without merit.
 
 
 10
 "[W]e have never required a sentencing judge to make findings addressed to each of the relevant factors at the risk of having the sentence vacated and the case remanded for resentencing." Hale, 107 F.3d at 530. The district court must only make "comments reflecting that the appropriate factors were considered." Id. Contrary to Brooks's allegations, the district court did make comments demonstrating that it considered the required factors.
 
 
 11
 As discussed above, the district court considered the policy statement issued by the Sentencing Commission regarding the term of imprisonment applicable upon revocation of Brooks's supervised release. U.S.S.G. § 7B1.4. The court also took into account the nature and circumstances of Brooks's offense in describing how he violated the conditions of his supervised release--termination from the community treatment center, drug use, theft by fraud, and failure to report for drug counseling. (Tr at 20-21).
 
 
 12
 The transcript of the revocation sentencing hearing contains ample evidence that the district court considered Brooks's history and characteristics. The trial judge opined:
 
 
 13
 Well, the problem that this court has, of course, dates back to the original sentencing when at that time in February of 1990 Mr. Brooks was given a downward departure at the request of the government. And at that particular time there were a number of other elements that the court considered which indicated that Mr. Brooks was changing his pattern, and that he was somebody who could benefit from this unfortunate experience that he had.... At that time the court attempted to distinguish, as it always does, between those individuals who cooperate because they realize that it's going to be to their benefit and those who cooperate because they realize that they have been wrong and that they want to correct the wrongs that they have perpetrated upon others. I felt that Mr. Brooks was one of the latter, and that he was going to profit from this experience and profit to the extent of changing his total lifestyle. Unfortunately, that appears not to be the case.
 
 
 14
 (Tr. at 19). The trial judge also referred to the "seriousness of the original charge" and Brooks's "past contacts with the criminal justice system" in announcing his departure from the recommended sentencing range. (Tr at 21-22).
 
 
 15
 The district court did not specifically address the need to avoid unwarranted sentencing disparities between similarly situated defendants in imposing the 48-month sentence. However, as we held in Hale, we will not invalidate a sentence that is not "plainly unreasonable" merely because the court did not mention this factor. Id. at 530. The record contains sufficient evidence that the district court considered the relevant § 3553(a) factors in sentencing Brooks.
 
 
 16
 The sentencing court also provided Brooks with an adequate explanation of its reasons for deviating from the recommended sentencing range. The court stated that it imposed the 48-month sentence "because of the seriousness of the original charge," because Brooks originally received "a substantial downward departure which has not proven to be of any benefit to [him] or others, because of the violations that have been outlined, and because of [his] record." (Tr. at 21-22).
 
 
 17
 Brooks contends that the real reason the district court departed so substantially from the recommended sentencing range is that it considered the government's allegation that Brooks was involved in a conspiracy to murder a Milwaukee police officer. There is no evidence in the record to support this allegation. The court expressly stated that it would not consider whether Brooks was involved in this crime. We will not assume that the district court considered a factor that it expressly disavowed considering in the absence of some evidence to the contrary.
 
 
 18
 Even with the 48-month revocation sentence, Brooks total sentence of imprisonment is 144 months. Considering that Brooks violated six conditions of his supervised release, that the minimum guideline sentence for his original offense was 210 months, and that the maximum revocation sentence was 5 years, we cannot conclude that the district court's imposition of a 48-month sentence was plainly unreasonable. We AFFIRM.
 
 
 
 *
 We granted the appellant's motion to waive oral argument. Therefore, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a), Cir. R. 34(f)
 
 
 [1]
 Brooks violated the following special and standard conditions of his supervised release: the defendant shall not commit another federal, state, or local crime (standard condition 1); pursuant to the Anti-Drug Abuse Act of 1988, the defendant shall not illegally possess any controlled substance (special condition 3), the defendant is to reside in a community treatment center for the first 120 days upon release and shall observe the rules of that facility (special condition 4), the defendant shall participate in a program of testing and treatment for drug abuse as directed by the probation officer until such time as the defendant is released from the program by the probation officer (special condition 5), the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance (standard condition 8), and the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer (standard condition 12)