**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mike D. MERCADO, Defendant–
Appellant.**

**No. 01–3420.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 6, 2002.

Decided Feb. 6, 2002.

Before BAUER, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

While serving a three-year term of supervised release as part of his sentence for committing mail fraud, a Class D felony, *see* 18 U.S.C. §§ 1341, 3559(a), Mike Mercado violated the condition of his supervision that he pay restitution in accordance with the payment schedule outlined in the judgment. As a result the district court revoked his supervised release and resentenced him to two years' imprisonment, the maximum term allowed by statute based on Mercado's underlying offense of conviction. *Id.* § 3583(e)(3). Mercado appealed from this judgment, but his attorney has now moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to find any non-frivolous arguments to advance on Mercado's behalf. Our review is confined to the potential issues discussed in counsel's *Anders* brief, which is facially adequate, and in Mercado's response filed pursuant to Circuit Rule 51(b). *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

Mercado, a military retiree, was originally indicted in March 1999 on charges that he participated in a health-insurance scheme that defrauded the government out of almost $300,000. After he pleaded guilty, Mercado was sentenced to fifteen months' imprisonment and three years of supervised release, though he later received the benefit of a post-sentencing reduction for substantial assistance, *see* Fed. R.Crim.P. 35(b), and had his prison term reduced to thirteen months. Mercado was also ordered to pay restitution in the amount of $285,175, jointly and severally with his various accomplices. The judgment specified that the restitution was "due and payable immediately."

Mercado began serving his supervised-release term in May 2001. About two months later, the government moved for

revocation, charging that, in May 2000 (after he had already pleaded guilty), Mercado executed a quitclaim deed purportedly transferring real estate in which he had an equity interest of $100,000. Mercado received nothing in return for this "transfer." Further, as Mercado admitted at the revocation hearing, he deducted expenses for the property on his tax return even for the period after the transfer, and continued to make monthly mortgage payments up until at least the date of the revocation hearing. Mercado also admitted during the hearing that he executed the quitclaim deed because he "got scared that [his] property would be taken away" by the government.

Finding that Mercado "fraudulently" transferred his property in order to avoid paying restitution, the district court revoked his supervised release. The court further concluded that the sentencing guidelines were inadequate to reflect the seriousness of Mercado's offense. Thus, although the guidelines recommend a sentencing range of three to nine months' imprisonment (Mercado committed a Grade C violation of his supervised release, and his original criminal history category was I), *see* U.S.S.G. § 7B1.4(a), the district court imposed the statutory maximum sentence of two years. 18 U.S.C. § 3583(e)(3).

 The only potential ground for appeal counsel and Mercado now identify is whether Mercado might challenge the district court's decision to impose a sentence outside the range recommended by the sentencing guidelines. But Chapter 7 of the guidelines contains policy statements, not rules, and is therefore not binding on the district court. *United States v. McClanahan*, 136 F.3d 1146, 1149 (7th Cir. 1998); *United States v. Doss*, 79 F.3d 76, 78 (7th Cir.1996). Thus, in the revocation-of-supervision context, we would reverse the district court only if the sentence it imposed was "plainly unreasonable," *United States v. Harvey*, 232 F.3d 585, 587 (7th Cir.2000); *Doss*, 79 F.3d at 79, and we could not say that it was here. Mercado bilked the government out of hundreds of thousands of dollars. Restitution was obviously an important aspect of his sentence, yet he fraudulently sought to hide an asset having a net worth of $100,000. And, by his own admission, he did so out of fear that the government would take his property for restitution. The district court concluded that this was "egregious behavior" on Mercado's part and therefore that a sentence greater than that recommended by the Chapter 7 policy statements was warranted. Based on our review of the relevant portions of the record, we could not say that that determination was plainly unreasonable, and so we agree with counsel that an appeal on this ground would be frivolous.

Finally, we note that in his Rule 51(b) response Mercado offers a number of reasons why his behavior should not be deemed "egregious." But those reasons are based on factual material outside of the record, so Mercado could not use them as the premise for an argument on appeal. *United States v. Elizalde–Adame*, 262 F.3d 637, 640–41 (7th Cir.2001); *United States v. Blythe*, 944 F.2d 356, 362 (7th Cir.1991).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.