**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darius ROBINSON, Defendant–Appellant.**

No. 03–2849.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 3, 2004.

Decided Feb. 3, 2004.

Michael Gurland, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Darius Robinson, pro se, Duluth, MN, for Defendant–Appellant.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

**ORDER**

In 2001 former postal worker Darius Robinson pleaded guilty to one count of delaying and opening the mail, 18 U.S.C. § 1703(a). He was sentenced to three months' imprisonment and three years' supervised release. Robinson completed his prison term and started serving his term of supervised release, which included special conditions requiring him to participate in an aftercare drug program and submit to periodic drug testing. In February 2003 the district court found that Robinson had violated conditions of his release and imposed the additional condition that he reside at the Salvation Army Community Center for 120 days. *See id.* §§ 3563(b)-(c), 3583(e)(2). In July 2003 the district court again found that Robinson had violated the conditions of his release, this time by not reporting to his probation office, missing several drug tests, failing drug tests that he did take, and failing to complete his 120–day residency at the Salvation Army. The court revoked his supervised release and sentenced him to 12 months' imprisonment with no supervised release to follow. *See id.* § 3583(e)(3). Robinson appeals, but his appointed counsel has concluded that all grounds for appeal would be frivolous and moves to withdraw. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Pursuant to Circuit Rule 51(b), Robinson was invited to respond to counsel's motion but has not. Counsel's brief is facially adequate, so we confine our attention to the potential issues he identifies. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997).

■ Counsel first evaluates whether Robinson could argue that the district court erred in revoking his term of supervised release. A district court has the power to revoke supervised release upon finding "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *United States v. Wright,* 92

F.3d 502, 504 (7th Cir.1996). At his revocation hearing Robinson admitted that he violated his supervised release by not showing up to take drug tests, and on this ground alone the court was required to revoke his supervision and impose a sentence that includes imprisonment. *See* 18 U.S.C. § 3583(g)(3); U.S.S.G. § 7B1.4, cmt. n. 5 ("Upon a finding that a defendant violated a condition of ... supervised release by ... refusing to comply with a condition requiring drug testing, the court is required to revoke ... supervised release and impose a sentence that includes a term of imprisonment."). Indeed, Robinson admitted all of the violations found by the court. Thus we agree with counsel that any challenge to the decision to revoke would be frivolous.

 Counsel next considers whether Robinson could contest the length of the prison term the court imposed, a decision we would disturb only if "plainly unreasonable." *United States v. Huusko,* 275 F.3d 600, 602 (7th Cir.2001). Because he has a criminal history category of I and his violations were all Grade C, *see* U.S.S.G. § 7B1.1(a)(3), the resulting imprisonment range was three to nine months. *See* U.S.S.G. § 7B1.4(a). But this range was advisory and nonbinding, and though the court was required to consider it, the court still was free to impose a sentence outside the range up to the maximum sentence allowed by 18 U.S.C. § 3583(e)(3). *See United States v. McClanahan,* 136 F.3d 1146, 1150 (7th Cir.1998); *United States v. Hale,* 107 F.3d 526, 529 (7th Cir.1997). The record reflects that the court did consider the guideline range but instead followed the probation officer's recommendation of 12 months' imprisonment, a term well below the two-year maximum. *See* 18 U.S.C §§ 1703(a), 3559(a)(4), 3583(e)(4). All that was required of the court before exceeding the guideline range was consideration of the factors in 18 U.S.C. § 3553, "such as the need to protect the public, the need for deterrence, the seriousness of the offense, and the policy statements in the sentencing guidelines." *United States v. Doss,* 79 F.3d 76, 79 (7th Cir.1996). The court did so here, and determined that a higher sentence was appropriate because Robinson had violated several conditions of his supervised release, and an extended period of incarceration would provide him with the structured assistance he needed to help him overcome his drug problem. We would not characterize the court's 12-month term as "plainly unreasonable," and we agree with counsel that it would be frivolous for Robinson to challenge the court's sentencing decision.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.