**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Demico T. SMITH, Defendant–Appellant.**

**No. 03–2606.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 27, 2004.

Decided March 25, 2004.

Thomas Edward Leggans, James M. Cutchin, Office of the United States Attorney, Benton, IL, for Plaintiff-Appellee.

Andrea L. Smith, Office of the Federal Public Defender, East St. Louis, IL, for Defendant-Appellant.

Before KANNE, EVANS, and WILLIAMS, Circuit Judges.

ORDER

After Demico Smith violated the terms of his supervised release, the district court sentenced him to forty months' imprisonment and twenty months' supervised release, the maximum permitted under 18 U.S.C. § 3583(e)(3). Smith appeals his sentence, arguing that it is plainly unreasonable in light of the eight- to fourteen-month guideline range recommended by the relevant non-binding policy statement, U.S.S.G. § 7B1.4. Because the district court properly considered the relevant sentencing factors, the sentence is not plainly unreasonable, and we affirm.

In May 1997 Smith pleaded guilty to conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 135 months' imprisonment and five years' supervised release. In May 1999 the district court granted the government's motion under Federal Rule of Criminal Procedure 35 (permitting government to seek sentence reduction due to defendant's substantial assistance following sentencing), and reduced Smith's imprisonment to 95 months.

Smith began serving his term of supervised release on February 7, 2003, and began accruing violations almost immediately. On February 10 Smith tested positive for marijuana, in violation of the standard condition of supervised release prohibiting him from possessing a controlled substance. On February 15 he was arrested for driving without a license, operating an uninsured motor vehicle, and speeding. When Smith pleaded guilty to the charges, he admitted to violating the standard condition prohibiting him from committing another federal, state, or local crime. On March 12 and 13, he again tested positive for marijuana. On April 20, Smith was arrested again, this time for operating an uninsured motor vehicle, speeding, fleeing the scene of an accident,

and failing to reduce speed; the charges were still pending at the time of the revocation hearing. On May 12, Smith was unsuccessfully terminated from a drug treatment facility, in violation of the special condition requiring him to participate in the program. Finally, Smith violated several standard conditions when he failed to report his arrests or to answer truthfully on monthly reports submitted to his probation officer. The government moved to revoke Smith's supervised release on May 13, and at the revocation hearing Smith admitted to all of the above violations.

At the revocation hearing the district court noted that, because Smith's use of marijuana constituted a Grade B violation and he had a criminal history category of III, the recommended guideline range was eight to fourteen months. The judge also confirmed that the maximum statutory sentence was sixty months. The government recommended a twelve-month sentence, while Smith requested eight months. Instead the judge imposed forty months' imprisonment and twenty months' supervised release, reasoning that he had previously reduced Smith's sentence from 135 to 95 months and now he was "basically taking back the sentence reduction" because Smith had violated the terms of his supervised release "on numerous occasions." The judge noted that it was his policy to "take back" Rule 35 reductions when a defendant has violated his conditions of supervised release:

> Well, you screwed up because I'm taking that Rule 35 back. And you can spread the word that's my policy. If I give someone a sentence reduction break and if they get out and they start messing up, and you've messed up not once, not twice, not three times, not four times, not five. I mean big time you messed up. In your own mind they are all little things, but when you put everything together, you have no intentions of living a lawful life in this society.

The judge explained that the sentence was necessary to make Smith understand that under supervised release he could not continue to "go willy-nilly living where you want to live, doing what you want to do." Instead, the judge noted, Smith needed to learn to "grow up[,] ... follow the rules of society," and start "taking things seriously." After announcing the sentence, the judge asked both attorneys whether they had "anything else" to add; Smith's attorney asked the court to recommend a particular facility to the Bureau of Prisons but did not object to the sentence imposed.

Smith argues on appeal that the sentence he received was "plainly unreasonable" because it was based on the judge's 'policy' rather than on the facts of his case. Smith admits that the sentencing ranges in U.S.S.G. § 7B1.4 are advisory rather than mandatory and are "subject only to the statutory maximum terms of imprisonment provided in 18 U.S.C. § 3583(e)(3)," and he does not dispute that the sentence was within the statutory maximum. He acknowledges, too, that the application notes expressly state that an "upward departure may be warranted" where the defendant's sentence was "the result of a downward departure (e.g., as a reward for substantial assistance)." U.S.S.G. § 7B1.4, comment. (n.4). Smith contends, however, that even though the district court had the authority to impose a sentence up to the statutory maximum, the court erred by imposing that sentence without first conducting "an individualized assessment of the facts of the case."

We will reverse the sentence imposed for a supervised release revocation only if it is "plainly unreasonable." *See* United States v. Harvey, 232 F.3d 585, 587 (7th Cir.2000). To determine whether a sen-

tence within the statutory maximum is "plainly unreasonable," we examine whether the sentencing court considered the factors enumerated in 18 U.S.C. § 3553(a). *See United States v. McClanahan,* 136 F.3d 1146, 1151 (7th Cir.1998). But while we have "made it clear" that a sentencing court "is required to consider" the § 3553(a) factors, we have also stated that we will not vacate a sentence simply because the sentencing judge did not "make findings addressed to each of the relevant factors." *Id.* Indeed, "it is sufficient 'if the sentencing court made comments reflecting that the appropriate factors were considered.'" *Id.* (quoting *United States v. Hale,* 107 F.3d 526, 530 (7th Cir.1997)).

As the government correctly argues. Smith's sentence was not "plainly unreasonable" because the judge properly analyzed the required sentencing factors. First, the judge considered the applicable policy statement when he determined that Smith's previous sentence reduction was a reason to depart upward from the sentencing range suggested by the guidelines. *See* 18 U.S.C. § 3553(a)(5)(A). The judge also determined that the higher sentence was necessary to deter Smith from committing any future criminal conduct, explaining that Smith needed to learn how to live a "lawful life in this society." *See id.* § 3553(a)(2)(B). Further, the court informed Smith that it could sentence him to sixty months' imprisonment, a clear indication that the court considered the kinds of sentences available. *See id.* § 3553(a)(3). Finally, the judge's statements that Smith needed to "grow up" and learn to "follow the rules of society" indicate that he considered the nature of the offense, the history of the defendant, and the need to "promote respect for the law." *See id.* § 3553(a)(1), (a)(2)(A). Accordingly, the district court's decision to sentence Smith to forty months' imprisonment and twenty months' supervised release was not "plainly unreasonable." *See United States v. Doss,* 79 F.3d 76, 79 (7th Cir.1996) (finding sentence "not even close to being plainly unreasonable" where judge imposed maximum sentence after articulating only "his concerns" about the defendant and "the need to imprison him for a longer period than set out in the policy statement").

Smith argues that, even if the district court properly considered the relevant sentencing factors, its decision was still plainly unreasonable because the court was driven not by its consideration of these factors but by its "policy" of "taking back" Rule 35 reductions when determining a sentence for supervised release revocation. Simply put, Smith misunderstands the relevant law. The statute directs a judge to consider the pertinent policy statements, *see* 18 U.S.C. § 3553(a)(5), and the application notes explaining the relevant policy statement provides that a judge can consider a previous sentence reduction when sentencing a defendant for a supervised release revocation, *see* U.S.S.G. § 7B1.4(a), comment. (n.4). Thus, the district judge likely could have met the requirements of § 3553(a) simply by sentencing Smith to the forty months' imprisonment previously deducted from his sentence without further explanation. Since the judge also considered the need to deter Smith from committing future criminal conduct and to teach him to respect the law, there is little question that the sentence he imposed was not "plainly unreasonable."

AFFIRMED.