**UNITED STATES of America,**

**v.**

**Kenyada ARMSTRONG, Defendant.**

**No. CRIM.A.99–111.**

United States District Court,
E.D. Pennsylvania.

Oct. 16, 2002.

Paul L. Gray, U.S. Attorney's, Philadelphia, PA, for Plaintiff.

Mara Meehan, Federal Defenders Association, Philadelphia, PA, for Defendant.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

On August 31, 1998, Kenyada Armstrong pled guilty to Conspiracy to Counterfeit and to Pass Counterfeited Obligations of the United States in violation of 18 U.S.C. § 371. On December 8, 1998, the Honorable Judge Malcolm J. Howard of the Eastern District of North Carolina imposed a sentence of four years of probation. On March 1, 1999, jurisdiction of this case was transferred to the Eastern District of Pennsylvania. Now before the court is a Petition for Revocation prepared by the Probation Office on May 17, 2000. Ms. Armstrong was arrested in early October 2002. Upon consideration of the submissions of the parties, and after a hearing, the court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. A general condition of defendant's probation was that she not leave this judicial district without permission of the court or probation officer.

2. On April 18, 2000, Ms. Armstrong left her probation officer a voice mail message admitting that she was in Delaware. On April 21, 2000. Ms. Armstrong left her probation officer another message saying that she was leaving Delaware the following night. Ms. Armstrong did not have Probation's permission to leave this district.

3. Another general condition of defendant's probation was that she report to her probation officer as directed and submit a truthful and complete written report within the first five days of each month.

4. Ms. Armstrong failed to report to the U.S. Probation Office on April 5, 2000 as instructed. On April 19, Ms. Armstrong left her probation officer a voice mail message that she was in the process of moving and would not be able to report to the Office. Ms. Armstrong failed to reschedule the Office visit and has not reported to the Probation Office since March 22, 2000.

5. Another special condition of her probation was that she notify her probation officer of any change of residence or employment within 10 days of such change.

6. Ms. Armstrong had lived in an apartment in Pennsylvania provided through the Gaudenzia Interim House Drug Program. Ms. Armstrong failed to attend several group sessions, lied about her whereabouts, and violated several other important rules about the residential program. Her contract was terminated and she was told to vacate by April 1, 2000. The Probation Office was unaware of Ms. Armstrong's whereabouts from April 1, 2000 until her recent arrest. On April 4, 2000, Ms. Armstrong left her probation officer a voice mail message saying that she moved to an apartment in Philadelphia, but did not provide the address. On April 18, 2000, she told her probation officer that she was in Delaware, but did not provide her address.

### Conclusions of Law

1. Revocation of probation is governed by the provisions of 18 U.S.C. § 3565. In determining the modification of probation, the court is to consider the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3565(a). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to punish the defendant, deter the defendant and others, protect the public, and rehabilitate the defendant. *See* 18 U.S.C. § 3553(a). The court should also consider the types of sentences available, relevant policy statements, and the need to avoid sentencing disparities. *See id.*

2. If, after considering the foregoing factors, the court finds by a preponderance of evidence that the defendant has committed the violations alleged, the court may continue her on probation, with or without extending the term or modifying or enlarging conditions, or revoke probation and resentence the defendant. *See* 18 U.S.C. § 3565.

■ 3. The Sentencing Guidelines' treatment of revocation of probation is advisory rather than mandatory and these policy statements are only one of the factors the court shall consider in addressing modification of supervised release. *See United States v. Schwegel*, 126 F.3d 551 (3d Cir.1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

■ 4. The Probation Office's Petition and the hearing established by a preponderance of the evidence that defendant has violated three conditions of her probation. The defendant violated the conditions that she not leave this judicial district without permission, report to the Probation Office as instructed, and notify the Probation Office of any change in residence or employment. Each is a Grade C violation of probation. *See* U.S.S.G § 7B1.1(a)(3).

5. According to the Guidelines, the court may, upon a finding of a Grade C violation, revoke probation or extend the term of probation and/or modify the conditions of supervision. *Id.* at § 7B1.3(a)(2).

6. Under the Sentencing Guidelines, the recommended range of imprisonment is 3 to 9 months imprisonment, as Ms. Armstrong' criminal history category is I and she has committed a Grade C violation of probation. *See id.* § 7B1.4.

7. The statutory maximum term of imprisonment upon revocation is 2 years, as Ms. Armstrong' original offense was a Class D Felony. *See* 18 U.S.C. § 3583(e)(3).

8. If a term of imprisonment is imposed, a term of supervised release may be imposed but is not required. *See* U.S.S.G. § 7B1.3(g)(1) (where probation is revoked and term of imprisonment is imposed, U.S.S.G. §§ 5D1.1–1.3 shall apply); *id.* §§ 5D1.1(b), 5D1.2(a)(2) (for a class D felony, the court may order a term of supervised release for two to three years, if imprisonment of less than one year is imposed upon revocation of probation.)

9. For a Grade C violation, where the minimum term of imprisonment is between one and six months, the minimum term may be satisfied by a term of imprisonment or imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for any portion of the term. *See id.* §§ 7B1.3(c)(1), 5C1.1(e) (one day of home detention or community confinement may be substituted for each day imprisonment).

■ 10. Upon consideration of 18 U.S.C. § 3553(a), the court revokes the defendant's probation and imposes a sentence of 3 months. The court does not impose an additional term of supervised release following the conclusion of this sentence.

An appropriate Order follows.

### ORDER

**AND NOW**, this 16th day of October, 2002, upon consideration of the Petition for Revocation of Probation, the Government's Proposed Findings of Fact and Conclusions of Law, and after a hearing, it is hereby **ORDERED** that the petition is **GRANTED** as follows:

1. The defendant's probation is **RE-VOKED**;

2. The defendant is committed to the custody of the Bureau of Prisons for a term of 3 months; and

3. There shall be no additional term of supervised release after defendant's release from imprisonment.