**UNITED STATES of America,**

v.

**Vicki S. LEESE, Appellant.**

**No. 02–3722.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 26, 2003.

Decided June 30, 2003.

Before SLOVITER, AMBRO, Circuit Judges, and TUCKER,* District Judge.

* Hon. Petrese B. Tucker, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

*OPINION OF THE COURT*

SLOVITER, Circuit Judge.

Appellant Vicki S. Leese appeals from the order of the District Court revoking her supervised release and imposing a sentence of three months incarceration due to Leese's violations of the terms of her supervised release. As we write only for the parties who are familiar with the facts, and no issue requires a precedential opinion, we set forth the basis for our disposition in summary form.

## I.

Leese was serving a two-year supervised release period after a four-month imprisonment term following her conviction of misappropriation of postal funds in violation of 18 U.S.C. § 1711. On August 27, 2002, the United States Probation Office filed a petition with the United States District Court for the Middle District of Pennsylvania summoning Leese to appear in court to defend against the revocation of her supervised release.

In the petition, Leese's probation officer, Douglas Durnin, alleged that Leese violated the following six terms of her supervised release on numerous occasions:

1. Failure to submit timely written reports;

2. Failure to truthfully answer probation office inquiries;

3. Failure to notify the probation office of changes in residence and employment;

4. Failure to provide the probation office with requested financial information;

5. Failure to pay full restitution;

6. Failure to perform community service.

At the hearing Durnin testified as to each violation and Leese stipulated that Durnin's testimony was sufficient to prove all six supervised release violations. Consequently, it is not necessary to provide details of Leese's violations in this opinion.

Durnin submitted a memorandum to the District Court which outlined the available sentences for Leese's violations of supervised release. According to U.S.S.G. §§ 7B1.1(a)(3) and 7B1.4(a), Leese had a criminal history of I (misappropriation), combined with grade "C" violations (the six listed *supra*), producing a sentencing range of three to nine months. Leese argued that the appropriate sentence was an extension of the term of supervised release because she is the mother of two dependent children who live at home. In contrast, the prosecutor suggested incarceration. The District Court imposed a sentence of three months imprisonment, which Leese appeals.

## II.

The provisions of U.S.S.G. § 7 are advisory policies and not strictly applicable guidelines. Therefore, the trial court has discretion as to the imposition of sentence. *See United States v. McClanahan*, 136 F.3d 1146, 1149 (7th Cir.1998). The relevant statute, 18 U.S.C. § 3742(e)(4), provides that defendant may seek reversal of a sentence imposed for an offense for which there is no applicable guideline on the ground that the sentence is "plainly unreasonable." Although the Government argues that Leese did not present this objection and states that we should therefore review for plain error, it concedes the difference may be "somewhat academic." Br. of Government at 3 n. 2. We will assume *arguendo* Leese preserved her claim that the three month imprisonment

term should be reviewed under the "plainly unreasonable" standard.

Leese argues that, given her responsibilities for the upbringing of her two children, ages thirteen and seventeen, it is plainly unreasonable to send her back to prison for three months. Instead, she contends that an extended supervised release period is far more reasonable, given her admitted violations.

We do not have much precedent on this issue. There is no explicit definition of "plainly unreasonable," but we addressed the "plainly unreasonable" standard applicable to U.S.S.G. § 7 in *United States v. Blackston*, 940 F.2d 877 (3d Cir.1991). In that case, we affirmed the district court's rejection "of the four-to ten-month sentencing range prescribed by [U.S.S.G. § 7] policy statements on the ground that Blackston had 'possessed' cocaine, and that the two-year mandatory minimum set forth in [18 U.S.C. § 3583(g)] therefore applied." *Id.* at 878. We held the district court's imposition of the maximum sentence permitted under § 3583(e)(3), three years imprisonment, was not plainly unreasonable, given Blackston's drug possession while on supervised release. *Id.* at 879.

Indeed, the Government notes, the Seventh Circuit has upheld a sentence far above the U.S.S.G. § 7 ranges, finding them not to be plainly unreasonable. *See, e.g.*, *McClanahan*, 136 F.3d at 1151 (upholding a statutory maximum revocation sentence of 24 months incarceration where the § 7 advisory range for a grade B violation was four to 10 months).

In this case, Leese's sentence was only three months and at the lower end of § 7's advisory range. Leese has provided no case law in support of her position and we have no basis to find Leese's sentence plainly unreasonable on its face. She relies only on her responsibilities as a mother, but the general responsibilities of life and family are not enough for us to hold that a sentence at the bottom end of a three to nine month advisory policy is "plainly unreasonable." *See* U.S.S.G. § 5H1.6 ("Family ties ... are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range.").

## III.

For the reasons set forth, we will affirm the judgment of the District Court.