**UNITED STATES of America,**

v.

**Arthur B. GODSON, Appellant.**

**No. 02–1364.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 11, 2003.

Decided Sept. 5, 2003.

Bonnie R. Schlueter, Margaret E. Picking, Kelly R. Labby, Office of United States Attorney, Pittsburgh, PA, for Appellee.

John A. Knorr, Pittsburgh, PA, for Appellant.

Before NYGAARD and SMITH, Circuit Judges and IRENAS,* Senior District Judge.

## OPINION OF THE COURT

IRENAS, Senior District Judge.

Presently before the Court is Appellant Arthur B. Godson's appeal of the Judgment of Conviction and Sentence entered by the United States District Court for the Western District of Pennsylvania revoking supervised release and sentencing him to the statutory maximum term of three years imprisonment. Godson challenges the trial judge's upward departure from the recommended United States Sentencing Guidelines ("Guidelines") range arguing: 1) the sentencing judge did not follow the procedure for an upward departure required under U.S.S.G. § 4A1.3; 2) the trial judge's explanation was inadequate to justify imposing a sentence outside of the guidelines; and 3) the sentence imposed was unreasonable. For the reasons set forth below, we will affirm the judgment of the District Court.

### I.

On January 7, 1994, Appellant, Arthur B. Godson, was sentenced to 92 months in

---

* Honorable Joseph E. Irenas, Senior District Judge for the United States District Court for the District of New Jersey, sitting by designation.

prison for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).[1] On March 5, 1995, his sentence was reduced to sixty months on the motion of the government for significant cooperation. *See* 18 U.S.C. § 3553(e); Fed.R.Crim.P. 35(b). Godson was also sentenced to five years of supervised release. Under the Guidelines, Godson's offense level was fixed at 23 and his criminal history category was VI, which yielded a guideline range of 92–115 months imprisonment.

Godson began his five year term of supervised release upon completing his imprisonment. On three occasions in 2001, Godson violated the conditions of his supervised release by driving a vehicle while his operating privileges were suspended or revoked and failing to notify the probation officer of certain traffic violations.[2] On petition of the Probation Office the District Court modified the conditions of supervised release on October 1, 2001, and imposed a special condition that Godson reside in a community confinement center ("CCC") for a period not to exceed 240 days.

On November 30, 2001, Godson was given permission to leave the CCC to attend a meeting of Narcotics Anonymous, and was directed to be home by 10:30 P.M. that evening. He did not return until the evening of December 1, 2001, at which time he flunked a mandatory drug screen, as he had flunked two prior screens on October 22, 2001 and November 6, 2001. The Probation Office petitioned the District Court to find Godson in violation of his supervised release pursuant to 18 U.S.C. § 3583(e).

At the revocation hearing on January 2, 2002, Godson admitted guilt as to both violations (drug use and being absent from the CCC). The trial judge opined that revocation of supervised release was required under 18 U.S.C. § 3583(g) because the violations involved a controlled substance and there was no applicable exception under 18 U.S.C. § 3583(d).[3]

Pursuant to the Guidelines, Godson had a criminal history category of VI and his violations were Grade C. Under U.S.S.G. § 7B1.4, the recommended sentencing range was 8 to 14 months imprisonment. 18 U.S.C. § 3583(e). The judge found that Godson's record demonstrated a repeated and willful refusal to abide by the terms of supervision and to cease drug usage. After considering all factors and finding that no exception under 18 U.S.C. § 3583(d) applied, the District Court sentenced Godson to the statutory maximum term of three years imprisonment.

On appeal, Godson argues that the trial judge's actions violate U.S.S.G. § 4A1.3, in that 1) the trial judge failed to provide adequate reasons justifying the upward departure from the recommended sentencing guidelines; and 2) the judge did not arrive at the sentence in accordance with the prescribed procedures and the degree of the upward departure from the Guideline range was unreasonable.

## II.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. A district

---

**1.** The statutory maximum sentence is not less than five years and not more than forty years imprisonment under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

**2.** The violations occurred on January 25, 2001, April 21, 2001 and June 9, 2001.

**3.** The District Court determined that no exception to revocation under 18 U.S.C. § 3583(d) was warranted due to Godson's consistent refusal to abide by the conditions of supervised release and because his previous participation in several rehabilitation programs had proven unsuccessful.

court's decision to revoke supervised release is reviewed under an abuse of discretion standard. *United States v. Schwegel,* 126 F.3d 551, 555 (3d Cir.1997). The sentence must be within the statutorily imposed range and not plainly unreasonable, and the district court must have considered the appropriate policy issues. *United States v. Jackson,* 70 F.3d 874, 878 (6th Cir.1995).

Supervised release is governed by 18 U.S.C. § 3583(e). In deciding on the appropriate sentence to impose upon revocation of supervised release the trial judge is to consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to deter the defendant and others, protection of the public, the types of sentences and rehabilitative programs available to the defendant, the relative policy statements, and the need to avoid sentencing disparities. These are the same factors to be considered by the trial judge in imposing the original sentence.

If, upon considering these factors, the district court finds by a preponderance of the evidence that a defendant violated a condition of supervised release, the court may order continued supervised release, extend the term of supervised release, modify or enlarge its conditions, or "revoke a term of supervised release" and "require the defendant to serve in prison all or part of the term of supervised release authorized by statute," not to exceed a certain number of years, depending on the nature of the original offense. 18 U.S.C. § 3583(e)(3). However, where a defendant possesses a controlled substance in violation of the conditions of his release, a court must revoke supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum sentence under 18 U.S.C. § 3583(e)(3). *See* 18 U.S.C. § 3583(g); U.S.S.G. § 7B1.4 cmt. n. 5. An exception is provided only in instances where the court finds that the availability of substance abuse treatment programs, or current or past participation in such programs, warrants continued release with other conditions. *See* 18 U.S.C. § 3583(d); U.S.S.G. § 7B1.4 n. 6.

Pursuant to 28 U.S.C. § 994(a)(3), the Sentencing Commission has adopted U.S.S.G. § 7B1.4(a), captioned "Revocation Table", which sets forth the recommended ranges of imprisonment to be served following revocation of supervised release. U.S.S.G. § 7B1.4(a) sentencing ranges are indexed by the defendant's criminal history category at the time of the original sentencing and the grade of the violation.[4] U.S.S.G. § 7B1.4, p.s.

The provisions set forth in U.S.S.G. § 7B1.4 are advisory in nature and not strict guidelines. *See United States v. Schwegel,* 126 F.3d 551 (3d Cir.1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583). These Chapter 7 policy statements are "mandatory" only to the extent that the district court must consider them in calculating a sentence upon revocation of supervised release. The district court, however, is not bound by the ranges stated in Chapter 7. *U.S. v. Armstrong,* 227 F.Supp.2d 440, 442 (E.D.Pa.2002).

### III.

Godson's argument that the trial judge's actions violate U.S.S.G. § 4A1.3 is mis-

---

4. Violations of supervised release are classified under one of three grades, A through C, depending on the severity of the conduct.

placed. Section 4A1.3 refers to possible upward or downward departures from a defendant's criminal history score and allows the district court to impose a sentence outside of the applicable guideline range "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes ..." U.S.S.G. § 4A1.3. In determining whether an upward departure from a criminal history category VI is warranted, § 4A1.3 directs the district court to consider the nature and not simply the number of prior offenses.[5] Additionally, the court "should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." FSG § 4A1.3.

Godson's argument that his sentence was inconsistent with the prescribed procedure for upward departures under U.S.S.G. § 4A1.3 is predicated on a misinterpretation of the Guidelines. As previously explained, supervised release is governed by 18 U.S.C. § 3583(e), and the Policy Statements set forth in U.S.S.G. § 7B1.4. U.S.S.G. § 4A1.3 has no bearing whatsoever upon sentencing following revocation of supervised release in instances where, as here, a criminal history category is calculated for the purposes of initial

sentencing. *See United States v. Marvin,* 135 F.3d 1129, 1139 (7th Cir.1998) (finding that a decision to disregard § 7B1.4's recommended sentencing range "does not implicate § 4A1.3"). Because the criminal history category for purposes of the Revocation Table is pre-set by what was used at sentencing for the original offense, it is not subject to adjustment under § 4A1.3. In this case Godson had a well earned "VI", and there was no error in the District Court's methodology.

Review of the sentencing record shows that the trial judge was applying the § 3553(a) standards incorporated into § 3583(e). The court adequately articulated specific factors justifying a departure from the applicable guidelines range:

> Furthermore, the Court finds that the range of imprisonment suggested by Policy Statement 7B1.4 of the United States Sentencing Guidelines does not adequately address the seriousness of your conduct.

> Thus, the Court has decided not to follow this policy statement and its suggested range of imprisonment. In making this determination, the Court has considered the factors set forth in Title 18, of the United States Code, Section 3553(a) as well as the fact that when you were originally sentenced this Court departed downward based upon the government's Rule 35 motion, noting your assistance to the authorities. Despite

---

**5.** "The Commission contemplates that there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a departure above the guideline range for a defendant with Criminal History Category VI may be warranted. In determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is

often more indicative of the seriousness of the defendant's criminal record.... Where the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." U.S.S.G. § 4A1.3.

the leniency that the Court has shown you, however, you continue to use drugs and engage in criminal conduct.

Indeed, within months of being released on supervision, you violated the terms of your supervised release by driving while either your operating privileges were suspended or revoked on three different occasions.

Moreover, after you were placed in a community confinement center as a result of these violations, you still did not learn your lesson and continued to violate the terms of your supervision.

Finally, the Court notes that you continued to use illegal drugs, despite the fact that you recently completed an outpatient substance abuse program on June 30, 2001. Thus, the Court finds that the exception from mandatory revocation and imprisonment allowed by Title 18 of the United States Code, Section 3583(d) is not warranted in this case.

In short, Mr. Godson, your supervised release violations and your significant prior criminal record demonstrate that you refuse to be rehabilitated despite the numerous chances that you've been given. As a result, the Court intends to sentence you to the maximum sentence of imprisonment allowed under the law. (Supp.App. 27–28, Tr. of Revocation Hr'g.)

Godson takes issue with four of the District Court's cited considerations: 1) the District Court's finding that he was not amenable to drug treatment; 2) the District Court's consideration that he received a downward departure in his original sentence; 3) the District Court's finding that his conduct was of a "serious nature"; and 4) the District Court's finding that his criminal history indicated that he had "lived his whole life in crime." (Appellant's Br. 6, 10, 12–13).

Given that Godson failed a drug screen after he completed a rehabilitation, the trial judge was justified in finding that Godson was not a candidate for continued release upon further drug counseling. Pursuant to § 7B1.4, Application Note 6, the District Court specifically determined that although drug counseling was available if Godson returned to the CCC, prior counseling was unsuccessful and he would remain a high risk drug offender in supervised release.[6]

■ Godson's assertion that the District Court improperly considered the downward departure in his sentence under Fed. R.Crim.P. 35(B) is belied by the Guidelines. Application Note 4 provides that, "where the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), or a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted." *See* § 7B1.4, Application Note 4.

■ Additionally, contrary to Godson's argument, the District Court was not required to find that his conduct rose to the level of the " 'egregious, serious criminal record standard' " embodied in § 4A1.3 before deviating from the recommended Guideline range. Appellant also contends that under § 4A1.3 the Court was prohibited from considering his criminal history category because it refers to the "number and not the seriousness of the crimes." As previously explained, § 4A1.3 is not appli-

---

6. Application Note 6 provides that "[i]n the case of a defendant who fails a drug test, the court shall consider whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment under 18 U.S.C .... § 3583(g) ...."

cable. The trial judge gave requisite consideration to the Policy Statement in § 7B1.4 and the statutory factors governing revocation of supervised release.

■ Finally, Godson contends that the sentence imposed by the trial judge was plainly unreasonable. A defendant may seek reversal of a sentence imposed for an offense for which there is no applicable guideline on the ground that the sentence is "plainly unreasonable." *U.S. v. Leese*, 70 Fed.Appx. 60 (3rd Cir.2003). There is no explicit definition of "plainly unreasonable," but this Court addressed the "plainly unreasonable" standard applicable to U.S.S.G. § 7 in *United States v. Blackston*, 940 F.2d 877 (3d Cir.1991). In that case, we affirmed the district court's rejection "of the four-to ten-month sentencing range prescribed by [U.S.S.G. § 7] policy statements on the ground that Blackston had 'possessed' cocaine, and that the two-year mandatory minimum set forth in [18 U.S.C. § 3583(g)] therefore applied." *Id.* at 878. We held the district court's imposition of the maximum sentence permitted under § 3583(e)(3), three years imprisonment, was not plainly unreasonable, given Blackston's drug possession while on supervised release. *Id.* at 879.

This Circuit is clear that while the District Court is required to consider the § 3553(a) factors and the recommended sentencing range set forth in § 7B1.4, it may impose a revocation sentence outside the suggested range where, in the exercise of discretion, it believes that a sentence up to the statutory maximum is warranted. *Schwegel*, 126 F.3d 551. Given Godson's lawlessness it cannot be said that the trial judge's three year sentence was "plainly unreasonable." Accordingly, the judgment of the District Court will be affirmed.