**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Donald E. McCLANAHAN,**
**Defendant–Appellant.**

**No. 97–2420.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 28, 1998.

Decided Feb. 18, 1998.

· Frances C. Hulin, Estaban F. Sanchez (argued), Office of the United States Attorney, Springfield, IL, for Plaintiff–Appellee.

Allen E. Shoenberger, Christopher Antonow (argued), Loyola University School of Law, Chicago, IL, for Defendant–Appellant.

Before ESCHBACH, MANION, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Donald McClanahan violated the terms of his supervised release from prison. At the revocation hearing, the court imposed a sentence of twenty-four months imprisonment, the maximum term permissible under the controlling statute. *See* 18 U.S.C. § 3583(e)(3). McClanahan appeals, arguing that the court erred in interpreting the relevant statutes and Sentencing Guidelines policy statements; failed to properly articulate the basis for its sentence; and likewise failed to provide notice that the court was considering an "upward sentencing departure." McClanahan's arguments are premised on a misunderstanding of the advisory nature of the policy statements contained in Chapter Seven of the Sentencing Commission's Guidelines Manual. *See* U.S.S.G., ch. 7, pt. A; *id.* at § 7B1.4(a). We therefore affirm the sentence imposed by the district court.

## I. FACTUAL BACKGROUND

Five years ago, Donald McClanahan was charged with and pleaded guilty to three counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). He promptly entered a plea agreement with the government; in return, the government recommended a two-level base offense level reduction for acceptance of responsibility and a twenty-four month sentence. The court accepted the parties' joint recommendation and sentenced McClanahan to twenty-four months imprisonment, to be followed by a three-year period of supervised release. As a condition of his release, McClanahan promised that he would "not commit another Federal, State, or local crime during the term of supervision and that [he would] not unlawfully possess a controlled substance." 18 U.S.C. § 3583(d). The court also ordered him to participate in a substance abuse program, submit to periodic urinalysis for the presence of drugs, and promptly report to the Probation Office any violation of the terms of his release.

McClanahan began his period of supervised release on February 8, 1994. He was arrested, however, on June 2, 1996, for aggravated battery, resisting a police officer and possession of a controlled substance. The police had responded to a complaint of a disturbance; upon their arrival, a "physical altercation ensued between the defendant and one of the officers," at which point McClanahan threw away a small ziplock plastic bag and attempted to flee. He was subdued by force (the officers had to use pepper spray before handcuffing McClanahan) and the plastic bag retrieved. It contained cocaine. A jury subsequently convicted McClanahan of unlawful possession of a controlled substance in violation of 720 ILCS 570/402(c), a Class IV felony under Illinois law.

In the interim, the Probation Office filed a Petition for Summons, alleging that McClanahan had committed a criminal offense while on supervised release. The petition also alleged that he had failed repeatedly to be present for scheduled visits with his probation officer, to produce scheduled urine samples, and to timely report his arrest to the Probation Office. At the revocation hearing, McClanahan acknowledged his arrest and conviction, whereupon the government withdrew its allegations concerning the other violations. A "close-out criminal history check" conducted by the Probation Office on the morning of the hearing, however, revealed that the defendant had failed to report an additional arrest that had taken place prior to the revocation-triggering incident, an episode involving the sale by McClanahan of crack cocaine to a confidential informant.

At sentencing, the court expressed its disappointment with the defendant's decision to return to crime. After hearing argument both from the government and the defendant regarding the applicable Revocation Table range, discretionary departure provisions and controlling case law, the court revoked McClanahan's supervised release and imposed a twenty-four month term of imprisonment, the maximum period permissible under 18 U.S.C. § 3583(e)(3).

On appeal, the defendant raises three arguments: (a) the court erred in sentencing him to a term of imprisonment greater than 10 months, the high end of the Revocation Table range for his violation grade; (b) the court failed to justify its sentencing "departure"; and (c) he was not properly forewarned that the court was contemplating such a severe sentence.

## II. STANDARD OF REVIEW

The district court's interpretation of the sentencing provisions in the Guidelines is a question of law and is reviewed *de novo*. *See United States v. Lee*, 78 F.3d 1236, 1239 (7th Cir.1996). A defendant's revocation sentence is subject to review under the "plainly unreasonable" standard because "no guideline establishes a mandatory range of such a sentence." *United States v. Hale*, 107 F.3d 526, 529 (7th Cir.1997); *see also* 18 U.S.C. § 3742(a)(4).

## III. DISCUSSION

McClanahan's arguments are predicated on a misperception of the nature of Chapter Seven of the Sentencing Guidelines Manual, which deals with the revocation of supervised release. In his view, his sentence is controlled by guidelines that prescribe narrow, strictly binding ranges, and that any deviation from the Guidelines' Revocation Table requires extraordinary circumstances absent here. *See* U.S.S.G. § 7B1.4(a).

The Sentencing Commission is provided the authority under 28 U.S.C. § 994(a)(3) to issue guidelines or policy statements addressing revocation of supervised release. For a number of reasons, the Commission chose to issue interim policy statements which, while offering "guidance" to the sentencing courts, nevertheless permit greater "flexibility" than guidelines. These policy statements are seen as "evolutionary" and tentative; after an appropriate period of information gathering, the Commission anticipates promulgation of formal revocation guidelines. U.S.S.G., ch. 7, pt. A, §§ 1, 3(a), 5; *see also United States v. Hurst*, 78 F.3d 482, 484 (10th Cir.1996); *United States v. West*, 59 F.3d 32, 34 (6th Cir.1995); *United States v. Anderson*, 15 F.3d 278, 283–84 (2d Cir.1994); *United States v. O'Neil*, 11 F.3d 292, 301 n. 11 (1st Cir.1993); *United States v. Hooker*, 993 F.2d 898, 900 (D.C.Cir.1993); *United States v. Cohen*, 965 F.2d 58, 60–61 (6th Cir.1992); *United States v. Blackston*, 940 F.2d 877, 893 (3d Cir.1991).

Guidelines commentary is generally an authoritative interpretation of the rules contained therein. *See Stinson v. United States*, 508 U.S. 36, 38, 45, 113 S.Ct. 1913, 1915, 1919, 123 L.Ed.2d 598 (1993). Nonetheless, numerous post-*Stinson* courts have concluded that the Chapter Seven provisions are merely advisory rather than mandatory, subject to the statutory maximum terms of imprisonment ("caps") provided in 18 U.S.C. § 3583(e)(3). *See, e.g., United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir.1997); *United States v. Doss*, 79 F.3d 76, 78 (7th Cir.1996); *Hurst*, 78 F.3d at 483–84 (collecting cases); *United States v. Milano*, 32 F.3d 1499, 1502–03 (11th Cir.1994); *United States v. Mathena*, 23 F.3d 87, 93 (5th Cir.1994). As this court explained in *United States v. Hill*, not all commentary interprets a guideline. 48 F.3d 228, 231 (7th Cir.1995). The policy statements contained in Chapter Seven are of this sort: they are "neither guidelines nor interpretations of guidelines." *Id.; accord, Anderson*, 15 F.3d at 283–84. Rather, they "tell the district court how to exercise his discretion in the area left open by the guidelines and the interpretive commentary on the guidelines." *Hill*, 48 F.3d at 231. While the Chapter Seven policy statements are entitled to "great weight," they do not bind the sentencing judge; while they are an "element in his exercise of discretion," they are not a substitute for that discretion. *Id.; accord, United States v. Davis*, 53 F.3d 638, 640–41 & n. 6 (4th Cir.1995).

The Commission has provided a Revocation Table and advice to assist a sentencing court in the calculus of revocation. *See* U.S.S.G., ch. 7, pt. A–B; *id.* at § 7B1.4; *Lee*, 78 F.3d at 1239; *United States v. McGee*, 60 F.3d 1266, 1267 n. 1, 1270–71 (7th Cir.1995). By matching the "grade" assigned the supervised release violation, U.S.S.G. § 7B1.1 (a)(2) & comment. (n.1), and the defendant's criminal history category at the time of his original sentencing, *see id.* at § 7B1.4, com-

ment. (n.1), the court is steered to a particular sentencing range, *see id.* at § 7B1.4(a). For McClanahan, his grade B revocation violation and his criminal history category of I result in a suggested sentencing range of four to ten months. *See id.*

■ In addition to the advisory ranges set out in the Table, Congress has imposed a statutory cap for each range. *See* 18 U.S.C. § 3583(e)(3); *see also* U.S.S.G., ch. 7, pt. A, § 3(b); *id.* at § 7B1.4(b). Each cap represents the maximum permissible term of imprisonment to which a defendant may be sentenced following revocation of supervised release; the levels are based on the nature of his original offense. *See* 18 U.S.C. § 3559(a); U.S.S.G., ch. 7, pt. A, § 3(b). In McClanahan's case, "the term of imprisonment that may be imposed upon revocation of supervised release is limited by statute to . . . not more than two years" because his 1992 offense (crack distribution) is classified as a Class C felony. *Id.*; *see also* 18 U.S.C. §§ 3559(a)(3), 3583(e)(3); 21 U.S.C. § 841(a)(1). Thus, the sentencing court must consider the relevant range provided in the Table, but it is thereafter "free to impose a sentence outside the designated range, subject to the maximum sentence allowable under 18 U.S.C. § 3583(e)(3)." *Hale,* 107 F.3d at 529; *see also United States v. Burdex,* 100 F.3d 882, 885 (10th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1283, 137 L.Ed.2d 358 (1997); *Lee,* 78 F.3d at 1239; *Davis,* 53 F.3d at 640–41; *Mathena,* 23 F.3d at 91–93.

It is within this framework, then, that we consider McClanahan's arguments.

## A. Breach of Trust, not Separate Sanction

■ The defendant correctly notes the Commission's directive that the court should not approach revocation as if it were sentencing the offender for new federal criminal conduct. *See* U.S.S.G., ch. 7, pt. A, § 3(b). After making this observation, McClanahan concludes that the stringency of his twenty-four month sentence, the maximum term permissible under 18 U.S.C. § 3583(e)(3), must be based on the court's misunderstanding or abuse of the revocation process.

■ The Sentencing Commission chose to treat violations of supervised release as a breach of the trust placed in a defendant by the original sentencing court, rather than as if the defendant had committed "new federal criminal conduct." U.S.S.G., ch. 7, pt. A, § 3(b). Supervised release, however, may be revoked based on a wide range of acts or omissions that do not represent "federal criminal conduct" *per se. See, e.g., United States v. Cotroneo,* 89 F.3d 510, 511 (8th Cir.) (failure to submit monthly supervision reports, failure to report in person to probation office, and moving from residence without permission), *cert. denied,* —— U.S. ——, 117 S.Ct. 533, 136 L.Ed.2d 419 (1996); *Lee,* 78 F.3d at 1238 (shoplifting and positive urinalysis tests for the presence of cocaine); *McGee,* 60 F.3d at 1267 (retail theft, possession of a controlled substance, failure to report to the probation officer and refusal to submit to urinalysis). There is thus a corresponding range in the seriousness of conduct that warrants a defendant's return to prison. *Compare, e.g., United States v. Proctor,* 127 F.3d 1311 (11th Cir.1997) (excessive absence from substance abuse program and positive drug test results), *with United States v. Wright,* 92 F.3d 502 (7th Cir.1996) (multiple instances of drug and firearm possession, numerous positive tests for drug use, failure to report arrest), *and United States v. Sweeney,* 90 F.3d 55 (2d Cir.1996) (harassment of noisy neighbors), *and United States v. Bonner,* 85 F.3d 522 (11th Cir.1996) (threatening the AUSA who prosecuted defendant's case), *and West,* 59 F.3d at 33 (failure to report to the probation office as required and leaving the jurisdiction without permission). The Commission therefore permits limited recognition of the nature of the defendant's breach relative to his criminal history when the court imposes a revocation sentence: "[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying criminal history of the violator." U.S.S.G., ch. 7, pt. A, § 3(b).

Supervised release was a part of McClanahan's original sentence, imposed by the court in addition to his term of imprisonment. *See* 18 U.S.C. § 3583(a); U.S.S.G., ch. 7, pt. A,

§ 2(b); *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir.1996). It became effective immediately following his release from prison, at which time a probation officer "provide[d] the defendant with a written statement that detail[ed] the conditions" of his release. Harold Baer, Jr., *The Alpha and Omega of Supervised Release*, 60 Alb. L.Rev. 267, 270 (1996); *see also* 18 U.S.C. § 3603(1). Standard Condition Number One of McClanahan's supervised release is explicit: "You shall not commit another Federal, State, or local crime." 18 U.S.C. § 3583(d). He nevertheless breached his promise to the court, as he openly admitted at the revocation hearing. McClanahan thus satisfied the conditions that permit his reincarceration. *See Wyatt*, 102 F.3d at 245.

McClanahan's complaint about the severity of his sentence is baseless. The sentencing colloquy record reveals that the court, the defendant and the government thoroughly discussed the Chapter Seven policy statements, the relevant statutes and controlling case law. Rather than reflecting a misperception by the court of the Commission's operative theory of punishment, McClanahan's sentence properly measures the contempt he exhibited for the terms and conditions of his release. *See, e.g., United States v. Agard*, 77 F.3d 22, 26 (2d Cir.1996) ("[W]hile on probation, [the defendant's] commission of violations and repeated acts of criminal behavior constituted a serious breach of the trust that the court had placed in him by imposing such a lenient [original] sentence."); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir.1992) (there "couldn't be a more flagrant breach of trust in this case" than the defendant's repeated violations of the conditions of his supervised release). Using the Revocation Table "as a starting point, and in the exercise of discretion, knowing the policy statement was not binding, [the court] determined a proper sentence." *Doss*, 79 F.3d at 78; *see also* 18 U.S.C. §§ 3583(d), (e)(3); U.S.S.G., ch. 7, pt. A, § 3(b). Given the seriousness of the conduct that triggered the revocation, the court's limited ability to consider that conduct, and the disregard McClanahan exhibited for the trust placed in him by the court, there is no basis on which to conclude that the court erred or that McClanahan's sentence is plainly unreasonable.

**B. Formal Findings are Unnecessary**

■ McClanahan suggests that the court failed to articulate the basis for his sentence. He complains that because he perceives no reason for the severity of the sanction, the district court must have erred or, in the alternative, the sentence must be plainly unreasonable.

■ Section 3583(e) permits the court, "after considering the factors" set forth in section 3553(a), to revoke a defendant's supervised release and impose a term of imprisonment. 18 U.S.C. § 3583(e). Section 3553(a), in turn, provides that the sentencing court "shall consider" a number of factors, including: the nature and circumstances of the offense; the characteristics and the history of the defendant himself; the need for the sentence to reflect the seriousness of the offense and to promote respect for the law; the need to provide adequate deterrence and to protect the public from possible future criminal conduct by the defendant; and the kinds of sentences and the sentencing range available based on the defendant's conduct. 18 U.S.C. § 3553(a). Our holding in *United States v. Hale* has made it clear that while a sentencing court is required to consider the section 3553(a) factors, this circuit "ha[s] never required a sentencing judge to make findings addressed to each of the relevant factors at the risk of having the sentence vacated and the case remanded for resentencing." 107 F.3d at 530; *accord, Pelensky*, 129 F.3d at 69; *Davis*, 53 F.3d at 642; *United States v. Lee*, 957 F.2d 770, 774–75 (10th Cir.1992); *Blackston*, 940 F.2d at 893–94. Rather, it is sufficient "if the sentencing court made comments reflecting that the appropriate factors were considered." *Hale*, 107 F.3d at 530.

Parsing the court's language in the instant case, the sentencing court noted the nature and circumstances of McClanahan's offense ("[W]hile on supervised release, you have been convicted of a state felony involving cocaine."); his relevant criminal history ("[Y]ou have been convicted of another co-

caine violation."); the need for the sentence to reflect the seriousness of the offense and to protect the public from the crimes of the defendant ("This drug business is just tearing our society apart. It's rending the fabric of everything that we stand for in this country, and it's horrible."); the need for the sentence to promote respect for the law ("We simply cannot have supervised release violated in this manner as here by conviction for cocaine after serving supervised release on a cocaine charge and conviction."); and the need for the sentence to afford adequate deterrence ("[Y]ou've got to clean up the act. You can't have anything to do with these drugs. The next time they will back a dump truck loaded with bricks and just dump them right on you, whether it's state court or here. If you get a third one, boy, ... that's tough.... We're talking about possibly a 20 year minimum."). The record further reveals that the court considered the applicable Revocation Table ranges, Chapter Seven's advisory policy statements and controlling case law, after which it imposed a twenty-four month term of imprisonment under 18 U.S.C. § 3583(e)(3).

There is nothing to suggest that the court failed to consider the factors set out in subsection 3553(a). Neither, given the seriousness of the conduct that triggered the revocation and the breach of the trust placed in McClanahan by the court, is there any evidence on which to conclude that his twenty-four month sentence was plainly unreasonable.

### C. Prior Notice is Unnecessary

■ McClanahan's contention that forewarning is required before the court imposes a sentence beyond the Revocation Table ranges warrants little discussion. His argument has been uniformly rejected by the courts that have considered it. It is premised on his failure to recognize the advisory nature of the Revocation Table ranges and his effort to characterize the Chapter Seven policy statements as formal sentencing guidelines which, of course, do bind the courts.

A sentencing court must provide reasonable prior notice if it contemplates an upward sentencing departure based on factors not previously identified in the PSI or in a government prehearing submission. See Fed. R.Crim.P. 32; Burns v. United States, 501 U.S. 129, 135–39, 111 S.Ct. 2182, 2185–88, 115 L.Ed.2d 123 (1991); United States v. Otis, 107 F.3d 487, 489 (7th Cir.1997). McClanahan's Dispositional Report indicated no basis for a departure from the applicable Revocation Table range. Through Burns, he concludes that his sentence must be vacated and remanded to provide him an opportunity "to marshal evidence to contest the facts supporting the departure."

■ McClanahan's argument is without merit. First, there are no facts or evidence for McClanahan to marshal: he admitted during the colloquy the facts that warranted the sentence he received, that is, while on supervised release he was arrested and convicted for unlawful possession of a controlled substance in violation of the express terms of his release. Second, there is no sentencing "departure" for purposes of Burns notification. Because the ranges in the Revocation Table are advisory rather than mandatory, the sentencing court is not required to provide notice that the sentence it contemplates may exceed the Table's range. See United States v. Marvin, 135 F.3d 1129, 1141–43 (7th Cir.1998); Mathena, 23 F.3d at 93 n. 13. The only limitation beyond which the court may not proceed is the statutory maximum provided by Congress. See 18 U.S.C. § 3583(e)(3); see also Pelensky, 129 F.3d at 70–71; Burdex, 100 F.3d at 885; Hofierka, 83 F.3d at 362–63; Davis, 53 F.3d at 642–43; Baer, supra, at 299. As one court has explained, "No notice is necessary because the applicable range is dictated by statute, not by Chapter Seven." Hofierka, 83 F.3d at 362–63.

In McClanahan's case, based on the Class C felony for which he was originally convicted, that range is capped at twenty-four months. See 18 U.S.C. § 3583(e)(3); see also 18 U.S.C. § 3559(a)(3); 21 U.S.C. § 841(a)(1); U.S.S.G., ch. 7, pt. A, § 3(b). That was the sentence he received based on the court's consideration of permissible factors identified in the Dispositional Report; no prior notice was required, and none was provided.

There is no basis on which to·conclude that the defendant's sentence is plainly unreasonable or that the district court erred in its interpretation of the Guidelines. The district court's judgment is therefore AFFIRMED.