**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 98-4921

JOHNNY BECK,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-95-140)

Submitted: June 8, 1999

Decided: June 28, 1999

Before LUTTIG and MOTZ, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Scott L. Wilkinson, Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Johnny Beck appeals from the two-year sentence he received after the district court revoked his term of supervised release. He claims that the district court failed to explicitly consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 1985 & Supp. 1999), and that the district court failed to articulate a reason for imposing a sentence greater than the advisory range set forth in U.S. Sentencing Guidelines Manual § 7B1.4 (1997). Finding no reversible error, we affirm.

Prior to the revocation hearing at issue in this appeal, Beck had been before the district court several times on numerous violations of the terms of his probation and his supervised release. At the revocation hearing, the district judge noted that he was "tired" of seeing Beck in his courtroom. After the district judge stated that he had considered the policy statements of Chapter Seven of the Sentencing Guidelines, he imposed a sentence of twenty-four months.

Because Beck did not object to the sentence or the district court's brief recitation of its reasoning, we review his sentence for plain error and find none. See United States v. Olano, 507 U.S. 725, 732-37 (1993). We note that a "court need not engage in ritualistic incantation in order to establish its consideration of a legal issue." United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). In this case, the defense argued in favor of imposing a sentence within the range advised by USSG § 7B1.4. The Government, on the other hand, argued that the court should sentence Beck above the range. After considering the competing arguments pertaining to the factors enumerated in 18 U.S.C.A. § 3553(a) and after considering Beck's failure to conform his actions to the requirements of the sentencing court and the U.S. Probation Office, the district court imposed the full sentence authorized by statute. It is sufficient that the court ruled on issues fairly presented before it and the court's analysis of the § 3553(a) fac-

2

tors was implicit. See Davis, 53 F.3d at 642; see also United States v. McClanahan, 136 F.3d 1146, 1151 (7th Cir. 1998).

We further find that even if the district court's failure to fully artic-ulate the factors that informed its exercise of discretion constituted error, reversal would be inappropriate. Because of Beck's inability to follow the conditions of his supervised release and because the district court imposed a sentence within the statutorily authorized period, any error did not seriously affect the fairness, integrity, or public reputa-tion of the judicial proceedings. We therefore affirm Beck's sentence. We dispense with oral argument because the facts and legal conten-tions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3