

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2004

# USA v. Garland

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3542

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Garland" (2004). *2004 Decisions.* Paper 605.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/605

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-3542


UNITED STATES OF AMERICA

v.

DANIELLE GARLAND, a/k/a OTISIA HOWELL,
a/k/a LORI BURK, a/k/a LISA GALLAGHER,

Danielle Garland, Appellant.


_____


On Appeal From the United States District Court
For the District of Delaware
(D.C. Crim. No. 00-cr-00040)
District Judge: Honorable Kent A. Jordan



Submitted Under Third Circuit LAR 34.1(a)
March 22, 2004

Before: ROTH, AMBRO, AND CHERTOFF, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:  June 8, 2004)
_____

OPINION
_____


<u>ROTH</u>, <u>CIRCUIT</u> <u>JUDGE</u>.

Appellant Danielle Garland appeals from a judgment of the District Court for the

District of Delaware entered on August 15, 2003.  Garland pleaded guilty to conspiracy to

commit bank fraud in violation of 18 U.S.C. § 371, and was sentenced in February 2001 to a term of imprisonment of six months to be followed by three years of supervised release. Special conditions of supervised release required her to participate in inpatient and outpatient drug treatment. Garland began her term of supervised release by successfully completing the program at Miramont, a residential drug treatment program, and apparently overcoming her addiction to cocaine.

After being released from Miramont, Garland attended "Open Door," an outpatient drug treatment program. She was subject to required urine testing, and those tests came back positive for marijuana. At her request the conditions of supervision were modified to add that she receive mental health counseling for depression. She began counseling in June 2002 with Dr. Tucker-Okine, but did not keep her appointments.

Garland was determined by the United States Probation Office to have absconded from supervision by failing to attend counseling and report to the Probation Office. A warrant was issued for her arrest. On April 23, 2003, the Probation Office filed a Petition on Probation and Supervised Release, in which Garland's Probation Officer, Craig H. Carpenter, alleged that she had violated the conditions of supervised release by submitting 14 urines that had tested positive for marijuana and by missing two mental health counseling appointments. It was noted in the petition that Garland had admitted her marijuana use to her supervising probation officer and in her monthly probation supervision reports. Garland was arrested.

Prior to her scheduled hearing, the Probation Officer submitted a memorandum, which outlined the sentencing options available under U.S.S.G. §§ 7B1.3(a)(2) and (c)(1), and § 7B1.4(a). The violations cited in the petition were Grade C violations pursuant to U.S.S.G. § 7B1.1(a)(3).[1] At her original sentencing, Garland's Criminal History Category was IV. She retained that classification for calculating the range of imprisonment for the violation of supervised release. With Grade C violations and a Category IV criminal history, section 7B1.4(a), the Revocation Table, advised a term of imprisonment of 6-12 months. The original conspiracy violation was a Class D felony. Therefore, Garland faced up to two years imprisonment pursuant to 18 U.S.C. § 3583(e)(3).

At the hearing Garland admitted the violations alleged in the petition. She stated that outpatient drug and mental health treatment had not worked for her, and she asked the court not to send her back to prison because, among other reasons, she did not "feel like [she] should be thrown back in jail for smoking marijuana." The District Court found that Garland had violated the terms of her supervised release in accordance with the allegations in the petition, noting, among other things, that Garland tended to externalize blame and make excuses for her abuse of marijuana. Moreover, she did not seem to grasp the seriousness of possession and abuse, either legally or in terms of what it might be doing to her and her family. The court sentenced her to a term of imprisonment of 10 months in accordance with the Probation Officer's recommendation, a term within

_____

[1] Violations of supervised release are classified under one of three grades, A through C, depending on the severity of the conduct. U.S.S.G. § 7B1.1.

the advisory range set forth by the policy statement of section 7B1.4(a). No additional term of supervised release was imposed. Garland appeals.

We will affirm. We have jurisdiction pursuant to 28 U.S.C. § 1291. Garland contends on appeal that the District Court did not consider alternative sentencing options and did not consider the mitigating factors enumerated in 18 U.S.C. § 3553(a)(2).[2] She does not contest revocation or the imposition of some prison time. She does not disagree that she received treatment but contends instead that it was not the right treatment for her.[3] Furthermore, she has a daughter of high school age, who needs her support. Relying on 18 U.S.C. § 3553(a)(3), and more specifically U.S.S.G. § 7B1.3(c)(2)(B), Garland seeks a reduced sentence of five months to be followed by home confinement or supervision at the Plummer Center or other halfway house facility.

We are not persuaded by these arguments. If the District Court finds that a defendant has committed a Grade C violation of a condition of supervised release, "the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." U.S.S.G. §

---

[2] Section 3553(a)(2) provides that the court shall consider "the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

[3] Garland asserts that the mental health counselor should have treated her depression with antidepressant medication, and that "Open Door," with its emphasis on group counseling, did not adequately treat her marijuana addiction.

7B1.3(a)(2) (Policy Statement). Section 7B1.4(a) (Policy Statement), captioned "Revocation Table," sets forth the recommended ranges of imprisonment to be served following revocation of supervised release. Section 7B1.4(a) sentencing ranges are indexed by the defendant's criminal history category at the time of the original sentencing and the grade of the violation.

The provisions of U.S.S.G. § 7B1.4(a) are advisory in nature and not strictly applicable guidelines. See United States v. Schwegel, 126 F.3d 551, 552 (3d Cir. 1997) (per curiam) (holding that supervised release provisions remained advisory after 1994 amendments to 18 U.S.C. § 3583). Therefore, the trial court has discretion as to the imposition of sentence. See United States v. McClanahan, 136 F.3d 1146, 1149 (7th Cir. 1998). On review of that discretionary sentence, the relevant statute provides that "the court of appeals shall determine whether the sentence – (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable." 18 U.S.C. § 3742(e)(4).

We addressed the "plainly unreasonable" standard applicable to U.S.S.G. § 7B1.4(a) in United States v. Blackston, 940 F.2d 877 (3d Cir. 1991). In that case, the district court rejected the 4 to 10 month sentencing range prescribed by the policy statement. We held that the district court's imposition of the maximum sentence permitted under 18 U.S.C. § 3583(e)(3), three years imprisonment, was not plainly unreasonable given the defendant's drug possession while on supervised release. Id. at

5

894. The Seventh Circuit upheld a sentence far above the policy statement, finding it not to be plainly unreasonable, in <u>McClanahan</u>, 136 F.3d at 1151 (upholding statutory maximum revocation sentence of 2 years where section 7B1.4(a) advisory range was 4 to 10 months). <u>See</u> <u>also</u> <u>Schwegel</u>, 126 F.3d at 555 (upholding statutory maximum revocation sentence of 3 years where section 7B1.4(a) advisory range was 6 to 12 months).

In this case, Garland's sentence was in the middle of the advisory range. The District Court decided to impose a sentence in the middle of the advisory range so that she would abstain from marijuana use for the 10 months of her imprisonment. We reject Garland's assertion that the District Court did not consider the mitigating factors in her case. Garland has provided no case law in support of her position, and we have no basis to find her sentence plainly unreasonable on its face. She relies on her commitment to get treatment, but, during a ten month period, she submitted 14 urine specimens that tested positive for marijuana. The District Court may consider whether a longer sentence is necessary in order to give Garland time in custody to recover from her dependence on marijuana. <u>See</u> <u>Schwegel</u>, 126 F.3d at 555. She also relies on her responsibilities as a mother, but the responsibilities of life and family are not enough for us to conclude that a sentence in the middle of the six to twelve month advisory range is "plainly unreasonable." <u>See</u> <u>U.S.S.G.</u> § 5H1.6 ("Family ties ... are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range.").

Garland argues further that, where the court finds a Grade C violation, and "[w]here the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, the minimum term may be satisfied by ... (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment." U.S.S.G. § 7B1.3(c)(2)(B). Thus she could serve a term of imprisonment of five months to be followed by five months of home confinement or supervision at the Plummer Center or other halfway house facility. However, in these same circumstances, the court also may impose "(A) a sentence of imprisonment," U.S.S.G. § 7B1.3(c)(2)(A), that does not include a term of supervised release with conditions. Subparagraph (c)(2)(B) thus provides no basis for us to conclude that the District Court's decision to require that all ten months be served in prison was plainly unreasonable.

We will affirm the judgment and sentence of the District Court.