UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 9, 2005
Decided May 16, 2005

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-1331

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>        *v.*<br><br>TERBRIAN L. RUSH,<br>    *Defendant-Appellant*. | Appeal from the United States<br>District Court for the Southern<br>District of Illinois<br><br>No. 4:98CR40088-007-JPG<br><br>J. Phil Gilbert,<br>*Judge*. |

**O R D E R**

Terbrian Rush pleaded guilty to distributing cocaine base, 21 U.S.C. § 841(a)(1), and was sentenced to 108 months' imprisonment, three years of supervised release, and a fine of $250.  His sentence was later reduced to 78 months under Federal Rule of Criminal Procedure 35, and in April 2004 he was released from prison and began serving his term of supervised release.  Within eight days, though, he was caught on videotape in the company of a convicted felon who was selling crack to an undercover agent, and a few months after that he was arrested by state authorities for selling drugs within 1,000 feet of a church.  As a result the district court revoked Rush's supervised release and reimprisoned him for 23 months—a term just short of the two-year statutory maximum applicable where the underlying conviction is for a Class C felony, *see* 18 U.S.C. § 3583(e)(3)—to be followed by 12 additional months of supervised release.  Rush filed a notice of appeal, but his appointed

counsel now moves to withdraw because she cannot find a nonfrivolous basis for appeal. *Anders v. California*, 386 U.S. 738 (1967). Counsel's supporting brief is facially adequate, and Rush himself has not responded to our invitation to present any objections, *see* Cir. R. 51(b), so we review only the potential issues identified in the brief. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Rush's counsel identifies three potential arguments. First, she considers arguing that the district court abused its discretion in revoking his supervised release. *See United States v. Young*, 41 F.3d 1184, 1186 (7th Cir. 1994). Since Rush at his revocation hearing admitted the violations, he could not contest the factual basis of the district court's decision; thus, any challenge to the revocation would have to be addressed to the court's application of the relevant statutes and sentencing guidelines. Under 18 U.S.C. § 3583(e), the district court may revoke supervised release after considering essentially the same factors it considered in imposing the original sentence, e.g., the nature and circumstances of the new violations, the defendant's history, the need to deter further crimes and protect the public, and the recommendations of the Sentencing Commission. *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003); *United States v. McClanahan*, 136 F.3d 1146, 1151 (7th Cir. 1998). We agree with counsel that the district court's remarks during the revocation hearing evidence that it considered the § 3583 factors—the court was not required to make specific findings with respect to each, *see McClanahan*, 136 F.3d at 1151—and we note that the decision to revoke was consistent with the Sentencing Commission's nonbinding policy statement that supervised release should be revoked upon finding a Grade A violation, *see* U.S.S.G. § 7B1.3(a)(1), which selling drugs is, *see United States v. Trotter*, 270 F.3d 1150, 1151 (7th Cir. 2001). In addition, counsel points out that the district court complied with Federal Rule of Criminal Procedure 32.1, so there is no basis for a challenge to the revocation on procedural grounds. Rush was notified of the alleged violations, given appointed counsel, and advised about his rights at the revocation hearing. For all of these reasons, we agree with counsel that arguing that the district court abused its discretion in revoking Rush's supervised release would be frivolous.

Second, counsel considers whether Rush might argue that his new term of imprisonment is not "reasonable" under *United States v. Booker*, 125 S. Ct. 738 (2005). It is not clear that *Booker* requires any change in our evaluation of prison terms imposed upon revocation of supervised release, since the revocation policy statements have always been advisory only. *See* U.S.S.G. Ch. 7 Pt. A(1); *United States v. Salinas*, 365 F.3d 582, 588 (7th Cir. 2004). Two of our sister circuits have concluded that *Booker* replaced the "plainly unreasonable" standard we formerly applied with its new "reasonableness" standard, *see United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005); *United States v. Edwards*, 400 F.3d 591, 592-93 (8th Cir. 2005); *cf. United States v. Johnson*, 2005 WL 857018, at *3 (6th Cir. Apr. 15, 2005),

but even if the two formulations are qualitatively different we would not find error under either. The new term of imprisonment is within the guideline range of 18 to 24 months for a Grade A violation and Category III criminal history, *see* U.S.S.G. § 7B1.4, and the relevant statutory factors were considered. *See Salinas*, 365 F.3d at 588-90 (holding that term of imprisonment "significantly longer" than recommended in policy statement was not plainly unreasonable because court considered statutory factors and applicable guidelines and explained reasons for extending term). We thus agree with counsel that it would be frivolous to contest the term of imprisonment.

Finally, counsel considers whether Rush might argue that he received ineffective assistance of counsel. Counsel asserts that such an argument would be frivolous because we ordinarily refuse to review ineffective assistance claims on direct appeal if appellate counsel also represented the defendant at trial. *United States v. Martinez*, 169 F.3d 1049, 1052 (7th Cir. 1999). In addition, our consideration on appeal is limited to matters shown in the record, and typically the facts necessary to establish ineffective assistance will be outside the record. *United States v. Schuh*, 289 F.3d 968, 976 (7th Cir. 2002); *Martinez*, 169 F.3d at 1052. For this reason we frequently caution defendants that an action under 28 U.S.C. § 2255 is a more appropriate vehicle for challenging counsel's performance. *Schuh*, 289 F.3d at 976; *Martinez*, 169 F.3d at 1052. Rush, of course, is at liberty to later utilize § 2255 if he can support a claim of ineffective assistance. *Massaro v. United States*, 538 U.S. 500, 509 (2003). In any event, as far as this appeal is concerned, counsel does not identify any deficiency in her performance that could arguably serve as a predicate for an ineffective assistance claim. Thus, as best we can tell here, ineffective assistance is not even a potential argument for appeal.

We GRANT the motion to withdraw and DISMISS the appeal.