**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 4, 2017
Decided October 24, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 17-1686

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:15-CR-30124 |
| | |
| LUKE X. LORE, | Staci M. Yandle, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Luke Lore was given a total of 20 months in prison after the district court revoked his concurrent terms of supervised release. He argues that the court's choice of 20 months rests on a misunderstanding of the operation of Chapter 7 of the Sentencing Guidelines. To the contrary, the court's explanation for imposing a significant term of reimprisonment reflects careful consideration of the pertinent factors in 18 U.S.C. § 3553(a) and § 3583(e), in particular Lore's past behavior. We thus affirm the judgment.

Lore was convicted in 2016 on two counts of trying to obtain hydrocodone and Xanax with fake prescriptions. *See* 21 U.S.C. §§ 843(a)(3), 846. Lore had forged those prescriptions and then recruited acquaintances to present them to pharmacies. The

district judge sentenced him on each count to 9 months' imprisonment and a year of supervised release, to run concurrently, with his first 6 months of supervised release to be spent in a halfway house.

Lore began his concurrent terms of supervision in March 2017. He had been detained pending trial, so by the time of his sentencing he already had completed all but a week of his federal prison sentence. Because of outstanding warrants from Missouri, however, Lore remained jailed until the end of July. He entered the halfway house in August and two weeks later incurred the first of several rules violations, including possession of contraband. At first the district judge responded by amending the conditions of supervised release to authorize searches of Lore and his property and to impose a nighttime curfew. But Lore's disregard for the conditions of his release continued, and when he tried again to acquire drugs with forged prescriptions and possessed drugs illegally, the judge revoked his two terms of supervised release.

The probation officer calculated a Chapter 7 reimprisonment range for "Cts. 1 & 2: 4–10 months" and recommended imposing 10 months on each revoked term of supervised release, to run consecutively. The government took no position on the appropriate penalty. Lore argued that he should be reimprisoned for a total of 4 months.

In making her decision, the judge reviewed the pertinent factors in 18 U.S.C. § 3583(e) and § 3553(a), including the policy-statement range in Chapter 7 of the Sentencing Guidelines. The judge mentioned three particular concerns. First, she concluded that Lore had not come to terms with his drug addiction, despite his assurances at the hearing that he no longer was "under the influence" of medications. Second, the judge noted that she had sentenced Lore initially to just 9 months' imprisonment and then modified his supervision instead of revoking it when the probation officer first reported his multiple violations, yet Lore had squandered this forbearance. Third, the judge said that the amount of prison time should promote Lore's respect for the law, deter him from committing future crimes, and prevent him from harming the public, especially since his scheme to obtain controlled substances with forged prescriptions had involved others in the community.

The judge ultimately rejected Lore's proposal of 4 months as too little, but nonetheless declared that a period of imprisonment "within the guidelines range . . . is warranted." She then announced she was imposing 10 months' imprisonment for each of the revoked terms of supervised release to run consecutively, for a total of 20 months.

That pronouncement prompted defense counsel to assert that in making the terms "consecutive to each other" the judge had doubled the high end of the policy-statement range, effectively contradicting her statement that a period of imprisonment within the range was appropriate. This exchange followed:

> THE COURT:                    Is it not a guideline as to each count?
>
> [DEFENSE COUNSEL]:   That's correct, Your Honor.
>
> THE COURT:                    And so the guideline range is four to ten months on each count; correct?
>
> [DEFENSE COUNSEL]:   That is correct.
>
> THE COURT:                    And I have the discretion to run those consecutively; correct?
>
> [DEFENSE COUNSEL]:   There's no doubt about that, Your Honor.
>
> THE COURT:                    Okay. So I'm not sure what—maybe we're just mincing words here but, you know what? If, if you are correct and I have not imposed a guideline sentence, then let me make the record clear.
>
>                                      If what I—if the sentence I imposed is not within the guidelines, then it was my intention to impose a sentence outside the guidelines.

On appeal Lore argues that the district court erred in concluding that 20 months' imprisonment is within the policy-statement range calculated under Chapter 7. As with multiple counts of *conviction*, Lore argues, a single range of reimprisonment is applicable when a defendant's supervised release is revoked, no matter the number of concurrent terms being revoked. And just as when a district judge *sentences* a defendant, Lore continues, a judge when revoking supervised release must understand correctly what the Sentencing Commission recommends as the appropriate penalty. *See Gall v. United States*, 552 U.S. 38, 49 (2007). The government does not contest this argument, instead reminding us that the Chapter 7 policy statements are advisory, *see United States*

*v. McClanahan*, 136 F.3d 1146, 1149 (7th Cir. 1998), and that a judge revoking multiple terms of supervised release has the statutory authority to impose consecutive terms of reimprisonment, 18 U.S.C. § 3584(a). Though the government says that "the district judge imposed the sentence she intended to impose," Lore insists that the judge did not say enough to counter her initial statement that a period of imprisonment within the range was "warranted."

We need not decide whether, as Lore contends, 20 months is above the Chapter 7 range. Regardless how district courts should read the policy-statement ranges from Chapter 7, the judge made clear her aim when she said, "If the sentence I imposed is not within the guidelines, then it was my intention to impose a sentence outside the guidelines." Lore reasons that the Sentencing Commission intended the Chapter 7 policy-statement ranges for revocation of supervised release to operate in the same manner as the guidelines ranges in Chapter 5 for sentencings. Yet in the latter context, we have said repeatedly that a misinterpretation of the guidelines will be harmless when it is evident that the judge "would have imposed the same sentence even if the error had not been made." *United States v. Glosser*, 623 F.3d 413, 419 (7th Cir. 2010); *see United States v. Abbas*, 560 F.3d 660, 666–67 (7th Cir. 2009) (concluding that misapplication of upward adjustment was harmless because district court explicitly said it would impose same sentence even if increase did not apply); *United States v. Anderson,* 517 F.3d 953, 962–66 (7th Cir. 2008) (same). Although this case involves reimprisonment for violating conditions of supervised release, there is no reason why harmless-error rules applicable to a sentencing would apply differently here.

When defense counsel argued that 20 months could not be within a policy-statement range of 4 to 10 months, the district judge said unequivocally that she intended to impose a total of 20 months even if that number is above the range. Lore argues that the judge's statement does not provide a "firm assurance" that she would have chosen 20 months had she understood the term to be double the high end of the policy-statement range. *See United States v. Hines-Flagg*, 789 F.3d 751, 757 (7th Cir. 2015). But unlike in *Hines-Flagg*, the judge's statement here is unambiguous. Moreover, Lore does not contend that a total of 20 months is "plainly unreasonable." *See United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008). So any misinterpretation necessarily was harmless.

AFFIRMED.