In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-3265

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

THOMAS M. SMITH,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:11-cr-30013-DRH-1 — **David R. Herndon**, *Judge.*

ARGUED MAY 28, 2019 — DECIDED JULY 11, 2019

Before WOOD, *Chief Judge,* and BAUER and EASTERBROOK,
*Circuit Judges.*

BAUER, *Circuit Judge.* Within three months of being placed
on a 20-year term of supervised release, Thomas "Lizzie"

Smith[1] violated the requirements of her supervision. The district court revoked Smith's supervised release, and sentenced her to two years' imprisonment without any further supervision to follow. Smith now appeals that order. For the reasons that follow, we affirm the district court's revocation sentence.

## I. BACKGROUND

Smith pleaded guilty to one count of receipt of child pornography and was sentenced to 90 months of imprisonment, 20 years of supervised release, a $600 fine, and a $100 special assessment. Smith's term of supervised release began on November 20, 2017.

On August 29, 2018, Smith's probation officer, Kevin Rayman, filed a petition for warrant or summons for offender under supervision, stating that Smith (1) failed to participate in sex offender treatment, (2) failed to participate in mental health treatment, (3) failed to comply with location monitoring, and (4) failed to make scheduled payments of fines.[2]

The district court held a hearing on the petition on October 18, 2018. Rayman testified that he referred Smith to Alternatives Counseling in Glen Carbon for sex offender treatment. Smith quit the program after a few weeks, believing she did not need treatment. Rayman then referred Smith to

---

[1] Thomas Smith began identifying as a female and chose the name "Lizzie." We use "Smith" and feminine pronouns consistent with the transcript of the district court's sentencing hearing.

[2] The allegation that Smith failed to pay the fines was withdrawn.

Choices Counseling for sex offender treatment. Smith was discharged by Choices Counseling for reasons including noncompliant behavior, safety concerns, dishonesty about past behavior, and refusing to participate in polygraph examinations. Smith was also referred for mental health treatment, but missed multiple meetings.

Rayman also testified that on January 26, 2018, as a result of this difficulty in establishing regular sex offender and mental health services, location monitoring and a nightly curfew were added to the conditions of Smith's supervised release. On February 4, 2018, Smith violated her curfew and left a four-minute long profanity-filled voice mail for Rayman, threatening to sue U.S. Probation and demanding to be taken off location monitoring. Rayman subsequently concluded that Smith was not a good candidate for continued supervision, because she was resistant to treatment, dishonest, and in denial about her child pornography conviction.

The advisory Sentencing Guidelines imprisonment range was 3 to 9 months with a maximum of 2 years. The government sought a sentence of one year and one day due to Smith's dishonesty and refusal to cooperate. The district court referenced Smith's manipulative behavior, lies, and refusal to participate in treatment or follow the court's orders. It also discussed the seriousness of the child pornography offense, Smith's history, the need to protect the public, and the need to promote respect for the law. The court noted that "[t]his is an extraordinary case, extraordinary dissidence, extraordinary deliberate efforts to violate the Court's order, extraordinary in [Smith's] effort to avoid treatment." The court gave Smith a

24-month sentence and ordered that no supervised release would follow. Smith then filed her notice of appeal.

## II. ANALYSIS

A violation of supervised release is "a breach of the trust placed in a defendant by the original sentencing court." *United States v. McClanahan*, 136 F.3d 1146, 1150 (7th Cir. 1998). A revocation sentence is "subject to review under the plainly unreasonable standard because no guideline establishes a mandatory range of such a sentence." *Id*. at 1149 (internal quotation marks omitted) (quoting *United States v. Hale*, 107 F.3d 526, 529 (7th Cir. 1997)). Chapter 7, Part B of the Sentencing Guidelines, which contains the advisory revocation sentence table, is a policy statement and "not a guideline, binding on the sentencing judge." *United States v. Doss*, 79 F.3d 76, 78 (7th Cir. 1996).

Smith argues the 24-month sentence was unreasonable because the district court failed to treat her mental health problems as a mitigating factor. Smith also argues the district court failed to fully consider the factors under § 3553(e) and put undue emphasis on her defiant behavior.

The district court used the advisory Sentencing Guidelines as a starting point, but determined that a 3 to 9-month sentence "doesn't get this case right" stating that Smith's behavior had "a great deal of vitriol and [was] some of the most defiant behavior that I've seen in 20 years on the federal bench." The court discussed Smith's psychological issues, which included PTSD, narcissism, and pedophilia. The court found that "one could probably argue that any one or at least a combination of her psychiatric diagnoses are a clear answer for why she

conducts herself the way she does," but concluded that Smith was attempting to escape responsibility for her actions.

The court noted Smith pleaded guilty to receipt of child pornography and had a clear need for treatment. Smith, however, would not willingly comply with any treatment program or even accept responsibility for the acts which she had pleaded guilty to. The court stated that "this character that [Smith] has … that she takes on with respect to her defiance and her right to do what she wants when she wants is incredibly harmful, and harmful to the community." The court noted the sentence was driven by a need to protect the public, and the ideal sentence would help her understand that "the kind of behavior she engaged in was simply not acceptable, it's not appropriate, it's dangerous, it's devastating to the community, it holds the law and the Court in low regard … ."

The court concluded that supervision would ordinarily be helpful but would ultimately be futile here because there was not "any one or team of probation officers that could possibly keep Ms. Smith properly supervised." Then looking to the statute for guidance and considering the extreme nature of the case, and the fact that Smith spent such a short period of time on supervision, the court sentenced Smith to a sentence of 24 months' imprisonment while removing any further burden of her original sentence of 20 years of supervised release.

The above shows that the court gave a sufficient explanation of the factors it considered in determining the appropriate sentence for Smith. Furthermore, the sentence is supported by compelling justifications. Smith was manipulative, dishonest, breached the trust of the court, disregarded the rule of law, and

proved unwilling to seek the treatment the original sentencing court found necessary. As such the 24-month sentence was not plainly unreasonable, and is hereby AFFIRMED.