---

**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

---

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2021
Decided June 10, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1326

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 14-20013-002 |
| | |
| ROBIN HARRIS, | Michael M. Mihm, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

After serving two years in prison for conspiring to defraud the federal government, 18 U.S.C. § 286, Robin Harris began a three-year term of supervised release. Two years in, Harris, who worked at a nursing home, stole a resident's checkbook and withdrew over $14,000 from the bank account. Harris pleaded guilty to state forgery charges, and the government moved to revoke her supervised release in federal court. At the revocation hearing, Harris pleaded guilty to violating the mandatory condition that she not commit another federal, state, or local crime. The district court revoked her supervised release and sentenced her to one year in prison and two years of supervised release. Harris filed a notice of appeal, but her appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v.*

*California*, 386 U.S. 738, 744 (1967). We agree with counsel and therefore grant the motion and dismiss the appeal.

At the outset we note that the Constitution does not entitle a defendant to counsel in revocation proceedings if, as here, she concedes the alleged violations and does not assert a substantial argument in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 789–90 (1973). We nonetheless analyze counsel's motion to withdraw under the *Anders* framework to ensure careful consideration of potential issues. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Counsel's brief appears thorough; it explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. We notified Harris of counsel's motion, *see* CIR. R. 51(b), and she did not respond. We therefore focus our review on the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel does not address whether Harris wants to challenge the knowing and voluntary nature of the admissions on which her revocation was based. He should have consulted with Harris about this and discussed the revocation only if she wished to contest it. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). In any event, counsel correctly concludes that such a challenge would be frivolous. Before accepting Harris's plea, the district court ensured she had received a copy of the charge and understood her right to a hearing, and it gave her an opportunity to present evidence and a statement in mitigation. *See* FED. R. CRIM. P. 32.1(b)(2). We note that the court, in informing Harris of the possible penalties of her violation (which was not required under Rule 32.1), explained only the guideline range of imprisonment, U.S.S.G. §§ 7B1.1, 7B1.4, and not the statutory maximum, 18 U.S.C. § 3583(e)(3). Even so, any claim that Harris did not knowingly plead guilty would be baseless: The court made sure that Harris had reviewed and discussed with her attorney the probation report stating that the statutory maximum was two years. *See Wheeler*, 814 F.3d at 858. And even without Harris's plea, the government proved by a preponderance of evidence that she committed forgery by submitting records of the state-court conviction and testimony from the victim's son and a detective who, in reviewing surveillance videos, watched Harris withdraw money from the victim's bank account. *See* 18 U.S.C. § 3583(e)(3); *United States v. Falls*, 960 F.3d 442, 445 (7th Cir. 2020).

Next, counsel contemplates, and rightly rejects, a challenge to Harris's one-year prison term on the basis that it exceeds the guideline range of four to ten months. *See* U.S.S.G. § 7B1.4. We would vacate a sentence of reimprisonment after the revocation of supervised release only if it were plainly unreasonable. *See United States v. Allgire*,

946 F.3d 365, 367 (7th Cir. 2019). Harris's prison term is not. It does not exceed the statutory maximum of two years, 18 U.S.C. § 3583(e)(3), and, in arriving at it, the court reasonably weighed the § 3553(a) factors. *See United States v. Smith*, 929 F.3d 828, 830 (7th Cir. 2019). The court observed that Harris's forgery crime was not an isolated incident but a "series of separate criminal acts" against an elderly resident. *See* § 3553(a)(1), (a)(2)(C). The court was also "worried about the adequate deterrence of [her] problem," *id.* § 3553(a)(2)(B), noting that she showed "no remorse" at the hearing and, months earlier, had obtained a $12,000 loan without her probation officer's approval, even though she owed over $30,000 in restitution. Given the court's explanation, Harris could not plausibly argue that her one-year prison term was plainly unreasonable.

Next, although counsel does not discuss whether Harris could challenge her two-year term of supervised release, we conclude that such a claim would be frivolous. Again, we would reverse only if the term of supervised release were plainly unreasonable. *See United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014). The statute authorized a combined sentence of three years, and the district court had sentenced Harris to one year in prison. *See* 18 U.S.C. § 3583(b)(2), (h). Plus, Harris's combined three-year term did not exceed her original three-year term of supervised release. *See United States v. Russell*, 340 F.3d 450, 454 (7th Cir. 2003). Moreover, the district court's consideration of the § 3553(a) factors adequately supports both components of her sentence. *See United States v. Armour*, 804 F.3d 859, 868 (7th Cir. 2015). Thus, Harris could not tenably argue that her two-year term was plainly unreasonable.

Last, counsel considers whether Harris could argue that she was denied the effective assistance of counsel. Harris could not bring such a claim because she did not have a constitutional right to counsel for the revocation proceedings. *See Gagnon*, 411 U.S. at 789–90; *United States v. Clayton*, 811 F.3d 918, 921–22 (7th Cir. 2016).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.